UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD ZIMMERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc., AMETEK, INC, successor in interest to Schutte & Koerting, LLC,<br>CBS CORPORATION, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant,<br>CRANE CO., individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochran,<br>EATON CORPORATION, individually and as successor to Vickers and Waterbury Tool,<br>FOSTER WHEELER L.L.C,<br>GENERAL ELECTRIC COMPANY, and<br>VIAD CORP., individually and as successor to The Griscom Russell Co.<br><br>    Defendants. | C.A. No. 3:14-cv-00176-MPS<br><br><br>February 20, 2014 |

**DEFENDANT AMETEK, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH
AFFIRMATIVE DEFENSES, CROSS CLAIMS, AND REPLY TO CROSS CLAIMS**

Defendant AMETEK, Inc., incorrectly sued as successor in interest to Schutte &

Koerting, LLC (hereinafter "AMETEK") hereby files this Answer to Plaintiff's Complaint dated

January 29, 2014, with Affirmative Defenses, Cross-Claims, and Reply to Cross Claims.

COUNT I

1.     AMETEK is without information or knowledge sufficient to admit or deny the

truth of the allegations contained in this paragraph and, therefore, denies the same.

2. AMETEK is without information or knowledge sufficient to admit or deny whether it has conducted business in the state of Connecticut. AMETEK denies each and every one of the remaining allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

3. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

4. AMETEK is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph regarding plaintiff's work history and alleged exposure to asbestos-containing products and, therefore, denies the same. AMETEK denies that it contributed in part or totally to the plaintiff's alleged illness and asbestos-related pathologies.

5. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

6. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

7. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or

knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

8. AMETEK denies each and every one of the remaining allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

10. AMETEK denies each and every one of the allegations contained in this paragraph and subparagraphs (a)-(c) to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

11. AMETEK denies that any of the allegations contained in this paragraph were caused by or contributed to by AMETEK.  AMETEK is without information or knowledge sufficient to admit or deny the truth of the remaining allegations contained in this paragraph and, therefore, denies the same.

12. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

13. AMETEK is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and, therefore, denies the same.

14. AMETEK is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and, therefore, denies the same.

15. AMETEK is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and, therefore, denies the same.

16. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

17. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

18. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

19. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

20. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

21. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

22. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

23. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

24. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

25. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

26. AMETEK denies each and every one of the allegations contained in this paragraph and subparagraphs (a)-(j) to the extent the allegations relate to AMETEK and is

without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and, therefore, denies the same.

27. AMETEK is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and, therefore, denies the same.

The paragraph following paragraph 27 is a demand for damages for which no answer is required by AMETEK.

## COUNT II

1-27. AMETEK repeats and reasserts its answers to paragraphs 1 through 27 of Count I as its answers to these paragraphs as if more fully set forth herein.

28. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

29. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

30. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

31. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or

knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

33. AMETEK denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to AMETEK and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other defendants and, therefore, denies the same.

The paragraph following paragraph 32 is a demand for damages for which no answer is required by AMETEK.

## FIRST AFFIRMATIVE DEFENSE

33. AMETEK avers that Plaintiff's claims are barred by the applicable Statutes of Limitation and/or Statute of Repose.

## SECOND AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by the doctrine of laches, as Plaintiff inexcusably failed to notify the necessary parties of his claims or give due and timely notice of his claims against AMETEK, to the prejudice of AMETEK.

## THIRD AFFIRMATIVE DEFENSE

35. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

36. This Court lacks subject matter jurisdiction over the claims set forth in Plaintiff's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

**SIXTH AFFIRMATIVE DEFENSE**

38. This court lacks personal jurisdiction over AMETEK by reason of the failure of proper service of process.

**SEVENTH AFFIRMATIVE DEFENSE**

39. AMETEK denies that Plaintiff is entitled to the damages claimed or to the relief demanded.

**EIGHTH AFFIRMATIVE DEFENSE**

40. In the event that Plaintiff suffered injury or damage, AMETEK avers that such injury or damage was not caused, directly or indirectly, by any act or omission of AMETEK, but such injury or damage, if any, was caused by the intervening act(s) or omission(s) of persons and/or entities other than AMETEK, including, but not limited to Plaintiff's employer(s), for which act(s) or omission(s) AMETEK is in no way liable and, therefore, Plaintiff is not entitled to recover from AMETEK.

**NINTH AFFIRMATIVE DEFENSE**

41. AMETEK avers that Plaintiff's contributory negligence served to bring about any injuries allegedly sustained.

**TENTH AFFIRMATIVE DEFENSE**

42. Plaintiff failed to take reasonable precautions for his own safety and otherwise failed to take reasonable action to mitigate or minimize his alleged damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

43. AMETEK avers that the state of the medical and scientific knowledge regarding its products and/or its contents, at all times material hereto, were such that AMETEK never knew nor could have known that its products presented any risk or harm to Plaintiff if such products were properly used.

**TWELFTH AFFIRMATIVE DEFENSE**

44. AMETEK expressly denies that it manufactured, designed and/or sold any products referred to in Plaintiff's Complaint which caused injury to Plaintiff. Notwithstanding, the products of AMETEK which Plaintiff allegedly used or was exposed to, if any, were not in the same condition as those sold, having been materially altered sometime after the sale and prior to the use or exposure as alleged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

45. If Plaintiff was exposed to any of AMETEK's products, then AMETEK is not liable to Plaintiff as a matter of law because of the government contract and/or government specification defenses.

**FOURTEENTH AFFIRMATIVE DEFENSE**

46. Although Plaintiff's employer(s) or its agents, servants, or employees, was in control and possession of the surrounding environment and worksite of its employees and was charged with the responsibility of maintaining a safe working place for such persons under its control, it failed to do so, thereby exposing Plaintiff to an alleged unreasonable condition.

**FIFTEENTH AFFIRMATIVE DEFENSE**

47. In those cases where Plaintiff was an employee of AMETEK, AMETEK avers that Plaintiff's claims are barred by the Connecticut Workers' Compensation Act, Connecticut General Statute §31-284.

**SIXTEENTH AFFIRMATIVE DEFENSE**

48. Plaintiff's injuries and losses, if any, were caused by the abnormal and unintended use and misuse of said products by Plaintiff, his employers, his fellow employees, the United States, and others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff never, prior to the filing of this Complaint, informed AMETEK, by notification or otherwise, of any breach of express and/or implied warranties. Plaintiff failed to give notice of the alleged breach of warranties within a reasonable time as required by applicable Statutes. Consequently, the claims of breach of express and/or implied warranties against AMETEK are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

50. The Plaintiff's claims for alleged breaches of warranties are barred by reason of lack of privity.

## NINETEENTH AFFIRMATIVE DEFENSE

51. AMETEK denies that privity of contract existed with Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

52. Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised their claims herein, and accordingly, said claims are barred by operation of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

53. Pursuant to either 33 U.S.C. §905, as amended, or analogous Connecticut Statutes, Plaintiff's exclusive remedy is under either the Longshoremen's and Harbor Workers' Compensation Act, or analogous Connecticut Statutes, wherefore, Plaintiff is barred from recovery in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

54. Plaintiff's injuries and losses, if any, were caused by alterations or modifications of AMETEK's products without its consent in a manner which could not have reasonably have been anticipated by AMETEK.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

55. Plaintiff's employer(s), by its agents, servants, and employees, at all times relevant hereto, possessed a high degree of knowledge and sophistication in relation to AMETEK, had superior means and ability to appreciate any alleged hazard regarding the use of asbestos materials, had means and ability superior to that of AMETEK to warn Plaintiff and failed to warn him of the alleged hazard.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

56. AMETEK avers that the claims for punitive damages against it are groundless in fact, and that Plaintiff's Complaint fails to state a claim against it upon which relief can be granted in that the cause of action for punitive damages allegedly asserted is not a cause of action cognizable or actionable under the law of the State of Connecticut, in the circumstances of the instant action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

57. AMETEK denies that there existed any warranties, either express or implied, between it and Plaintiff in this action. If any warranties, either express or implied, existed in this case, which AMETEK denies, AMETEK did not breach said warranties.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

58. AMETEK avers that if Plaintiff settled with and/or released other Defendants or entities who are tortfeasors, AMETEK is entitled to a reduction of any judgment either in the total of all the settlement amounts <u>or</u> the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

59. Any alleged defect or risk or known foreseeable danger attendant to the use of asbestos-containing products was known to Plaintiff or should have been known to him at the

same time they became known to AMETEK and Plaintiff voluntarily and unnecessarily exposed himself thereto and assumed the risk thereof.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

60. AMETEK avers that there was no conspiracy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

61. AMETEK avails itself of, and adopts such other defenses raised by any other Defendants as may be applicable.

## THIRTIETH AFFIRMATIVE DEFENSE

62. AMETEK's first notice of claims set forth in Plaintiff's Complaint was service of Plaintiff's Complaint upon it and accordingly, AMETEK reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

63. AMETEK avers that the Complaint should be dismissed for improper venue and/or pursuant to the doctrine of forum non conveniens.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

64. Pursuant to Connecticut choice of law principles, the law of Connecticut is inapplicable and the law of an alternate forum should be applied in this case.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

65. AMETEK avers that at the time of the alleged claims Plaintiff was guilty of a violation of law that contributed to the claims.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

66. AMETEK denies that the doctrine of strict liability in tort applies to this case.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

67. AMETEK avers that the Plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of the Uniform Commercial Code.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

68. AMETEK avers that if any of AMETEK's agents or servants made any express warranties (allegations that AMETEK specifically denies), then the agent or servants of AMETEK did so without authority, express or implied.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

69. AMETEK avers that if AMETEK, its agents, or servants made any warranties, express or implied (allegations that AMETEK specifically denies), then Plaintiff did not rely on the express warranties, and further, there was no such reliance by any person or entity authorized to represent the Plaintiff.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

70. AMETEK avers that Plaintiff's claims are barred by estoppel and/or waiver.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

71. AMETEK denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any asbestos product or material referred to in the Plaintiff's Complaint, but if there was any defect or negligence as alleged, then AMETEK is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

**FORTIETH AFFIRMATIVE DEFENSE**

72. AMETEK avers that if it supplied any asbestos product, either directly or indirectly, to Plaintiff's employer, the product was supplied in accordance with specifications

established and promulgated by that employer, agencies or departments of the United States of America, and/or other persons and/or entities.

### FORTY-FIRST AFFIRMATIVE DEFENSE

73. AMETEK avers that any asbestos-containing products manufactured and sold by AMETEK which gave rise to Plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of AMETEK, and by reason thereof, AMETEK is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### FORTY-SECOND AFFIRMATIVE DEFENSE

74. AMETEK avers that at all relevant times hereto, the state of medical and scientific knowledge, and the state of the art or the design and manufacture of asbestos-containing products, was such that AMETEK neither knew nor should have known that asbestos-containing products presented a significant risk of harm to Plaintiff.

### FORTY-THIRD AFFIRMATIVE DEFENSE

75. AMETEK avers that if Plaintiff was a user of tobacco products, such use contributed to any lung disease from which Plaintiff allegedly suffers. Further, the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards Plaintiff knew or should have known may have adversely affected his health.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

76. AMETEK avers that the utility of the products manufactured by AMETEK outweighed the danger allegedly involved, and, therefore, Plaintiff's claims are barred as a matter of public policy.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

77. AMETEK avers that any exposure of Plaintiff to AMETEK's product or products, which AMETEK denies, was so minimal as to be insufficient to establish to a reasonable degree of probability that the product or products caused Plaintiff's claimed injuries or illness.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

78. AMETEK avers that it did not manufacture or sell the asbestos-containing products to which Plaintiff alleges exposure.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

79. AMETEK avers that it has not, either by act or omission, violated the provisions of Connecticut General Statutes §§ 52-240a, 52-240b, and 52-572m, et seq.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

80. AMETEK avers that due to the generality of the allegations in the Complaint, AMETEK reserves the right to amend its Answer and Affirmative Defenses if investigation, discovery, and further information should warrant such amendment, and further, to assert any applicable matters of law while this action is pending.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

81. AMETEK avers that it is not a successor-in-interest to any alleged company that manufactured asbestos-containing products to which Plaintiffs were allegedly exposed.

**ANSWER TO CROSS-CLAIMS**

1. AMETEK denies each and every allegation against it contained in any cross-claim or cross-complaints which may be asserted against it in this action. AMETEK leaves all cross-claim plaintiffs to their burdens of proof and refers any questions of law to the Court.

**DEFENDANT/CROSS-CLAIM PLAINTIFF AMETEK'S CROSS-CLAIM AGAINST ALL DEFENDANTS AND THIRD-PARTY DEFENDANTS**

1. Plaintiff in this action has filed a Complaint against the defendant/cross-claim plaintiff, AMETEK, alleging that the plaintiff has sustained certain asbestos-related diseases and other injuries, and all said allegations have been denied by the defendant/cross-claim plaintiff.

2. Although AMETEK denies all the claims set forth in Plaintiff's Complaint, in the event that the defendant is found liable to the plaintiff, then all other cross-claim defendants are liable for equitable contribution and/or statutory contribution pursuant to Conn. Gen. Stat. § 52-572o, and/or allocation of fault.

3. Only in the event that AMETEK is found liable to the plaintiff, for purposes of this cross-claim, all allegations set forth in the Plaintiff's Complaint or related third-party Complaints against said defendants are adopted and incorporated as set forth fully herein.

4. Only in the event that AMETEK is found liable to plaintiff, in whole or in part, then the cross-claim defendants are liable to AMETEK for all or part of Plaintiff's claimed damages.

5. AMETEK reserves the right to withdraw this cross-claim against certain defendants prior to the time of trial.

WHEREFORE, the defendant/cross-claim plaintiff claims:

    1. Contribution for plaintiff's alleged damages pursuant to Conn. Gen. Stat. § 52-572o;

2. Equitable contribution from the cross-claim defendants for their share of any judgment rendered in favor of plaintiff;

3. An allocation of responsibility among defendants; and

4. Such other relied as the Court may deem just and proper.

## JURY DEMAND

AMETEK demands a trial by jury on all issues.

                                                           Respectfully Submitted,
                                                           Defendant,
                                                           AMETEK, Inc.,
                                                           By its attorneys,

                                                           _____/s/ Bryan M. Abramoske_____
                                                           Matthew J. Zamaloff
                                                           Federal Bar No. ct27509
                                                           mzamaloff@cetllp.com
                                                           Bryan M. Abramoske
                                                           Federal Bar No. ct28686
                                                           babramoske@cetllp.com
                                                           Cetrulo LLP
                                                           2 Seaport Lane, 10th Floor
                                                           Boston, MA 02210
                                                           Tel:  (617) 217-5500
                                                           Fax:   (617) 217-5200

Dated: February 20, 2014

## **CERTIFICATION OF SERVICE**

      I hereby certify that on February 20, 2014, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                        /s/ Bryan M. Abramoske
                                                  Bryan M. Abramoske (ct28686)

23297697v2