# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD ZIMMERMAN, | C.A. No. 3:14-cv-00176-MPS |
| Plaintiff, | |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc.; <br> AMETEK, INC, successor in interest to Schutte & Koerting, LLC; <br> CBS CORPORATION, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant; <br> CRANE CO., individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochran; <br> EATON CORPORATION, individually and as successor to Vickers and Waterbury Tool; <br> FOSTER WHEELER L.L.C; <br> GENERAL ELECTRIC COMPANY, and <br> VIAD CORP., individually and as successor to The Griscom Russell Co., | February 24, 2014 |
| Defendant(s). | |

**ANSWER, SPECIAL DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT OF DEFENDANT CBS CORPORATION, A DELAWARE CORPORATION, f/k/a VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, <u>f/k/a WESTINGHOUSE ELECTRIC CORPORATION</u>**

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), by counsel, responds to the allegations contained in the

Plaintiff's ("Plaintiff" herein referred to singularly or plurally, living or deceased, possessively and/or in any such capacity as may apply) Complaint as follows:

### ANSWER TO CLAIM ON BEHALF OF RONALD ZIMMERMAN

### FIRST COUNT BASED ON PRODUCTS LIABILITY, CONN GEN STAT. § 52-572m, ON BEHALF OF RONALD ZIMMERMAN

### FOR PERSONAL INJURIES AND DAMAGES

1. Westinghouse denies the allegations contained in paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth contained therein. However, Westinghouse denies that the Plaintiff's exposure to asbestos was caused or contributed to by Westinghouse.

2. The allegations contained in paragraph 2 of the Complaint pertain to a defendant other than Westinghouse and Westinghouse has no duty to respond. To the extent any further response is deemed necessary, Westinghouse denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

3. In response to paragraph 3 of the Complaint, this Defendant admits that as Westinghouse, it conducted business in the State of Connecticut and has its principal place of business at 51 West 52nd Street, New York, NY, 10019 and that its registered agent of service in Corporation Service Company, 50 Weston Street, Hartford, CT, 06120.

4. The allegations contained in paragraph 4 of the Complaint pertain to a defendant other than Westinghouse and Westinghouse has no duty to respond. To the extent any further response is deemed necessary, Westinghouse denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

5. The allegations contained in paragraph 5 of the Complaint pertain to a defendant other than Westinghouse and Westinghouse has no duty to respond.  To the extent any further response is deemed necessary, Westinghouse denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

6. The allegations contained in paragraph 6 of the Complaint call for a legal conclusion and Westinghouse refers all such conclusions to the Court.  To the extent any further response is deemed necessary, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

7. The allegations contained in paragraph 7 of the Complaint pertain to a defendant other than Westinghouse and Westinghouse has no duty to respond.  To the extent any further response is deemed necessary, Westinghouse denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

8. Westinghouse admits that at certain times in its past, it manufactured, sold or distributed some products which contained bound or encapsulated asbestos. Westinghouse denies all remaining allegations contained in paragraph 8 of the Complaint as they pertain to Westinghouse.

9. Westinghouse denies the allegations in paragraph 9 of the Complaint insofar as they pertain to Westinghouse or to any products allegedly produced, sold or distributed by Westinghouse. Westinghouse further denies that it caused or contributed to the Plaintiff's alleged exposure to asbestos.

10. Westinghouse denies the allegations in paragraph 10  of the Complaint

insofar as they pertain to Westinghouse or to any products allegedly produced, sold or distributed by Westinghouse.

11. Westinghouse denies the allegations in paragraph 11 of the Complaint, including subparagraphs (11a) through (11q), insofar as they pertain to Westinghouse or to any products allegedly produced, sold or distributed by Westinghouse.

12. Westinghouse denies the allegations in paragraph 12 of the Complaint insofar as they pertain to Westinghouse.

13. Westinghouse denies the allegations in paragraph 13 of the Complaint insofar as they pertain to Westinghouse.

14. Westinghouse denies the allegations in paragraph 14 of the Complaint insofar as they pertain to Westinghouse or to any products allegedly produced, sold or distributed by Westinghouse.

15. Westinghouse denies the allegations in paragraph 15 of the Complaint insofar as they pertain to Westinghouse or to any products allegedly produced, sold or distributed by Westinghouse. Westinghouse further denies that it caused or contributed to the Plaintiff's alleged illness, pain, anguish,

impaired earning capacity, expenses, risks, suffering, and damages.

### SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR RONALD ZIMMERMAN PURSUANT TO CONN. GEN. STAT. 52-240b

16. Westinghouse repeats and realleges its responses to the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Westinghouse denies the allegations in paragraph 17 of the Complaint insofar as they pertain to Westinghouse. Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries and damages.

18. Westinghouse denies the allegations in paragraph 18 of the Complaint as they pertain to Westinghouse.

19. Westinghouse denies the allegations in paragraph 19 of the Complaint as they pertain to Westinghouse.

20. Westinghouse denies each and every allegation contained in the Complaint not specifically admitted herein.

21. Westinghouse denies that the Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE:

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE:

The Plaintiff's claims are barred by the applicable statutes of limitation and/or statues of repose.

### THIRD DEFENSE:

The Plaintiff's conduct constituted misuse, and/or abuse of the product, and/or Plaintiff did not use the product in a manner reasonably foreseeable to Westinghouse and/or others.

### FOURTH DEFENSE:

Plaintiff and/or others materially altered and/or modified, without the consent or knowledge of Westinghouse, the products, if any, sold by Westinghouse in a manner unforeseeable to Westinghouse.

**FIFTH DEFENSE:**

An action for breach of warranty was not available to Plaintiff during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Westinghouse, and accordingly all breach of warranty claims are barred.

**SIXTH DEFENSE:**

Any and all injury, damage or loss sustained by the Plaintiff was proximately caused and/or contributed to by the negligence and/or carelessness of the Plaintiff and not by any act or omission of Westinghouse.

**SEVENTH DEFENSE:**

The Plaintiff failed to take reasonable precautions for his own safety and otherwise failed to take reasonable action to mitigate or minimize his alleged damages, if any.

**EIGHTH DEFENSE:**

Any and all injury, damage or loss sustained by the Plaintiff was proximately caused by the intervening acts or omissions of third persons, including but not limited to the Plaintiff's employer(s), over whom Westinghouse had no control and not by any act or omission of Westinghouse.

**NINTH DEFENSE:**

Westinghouse had no knowledge of the dangerous propensities of the materials, if any, allegedly responsible for injuries to the plaintiff.

**TENTH DEFENSE:**

The Plaintiff is not a person whom Westinghouse could reasonably have

expected would use, consume, or be affected by its products.

### ELEVENTH DEFENSE:

Defendant asserts that if any of Westinghouse's agents, servants or employees made any express warranties, which allegation is specifically denied, then the agents, servants or employees of Westinghouse did so without authority, express or implied.

### TWELFTH DEFENSE:

Any exposure of the Plaintiff to any Westinghouse product was de minimis and is not sufficient to establish a reasonable probability that Westinghouse products caused the Plaintiff's alleged injuries.

### THIRTEENTH DEFENSE:

Defendant asserts that if Westinghouse, its servants, agents or employees made any express warranties, which allegation is specifically denied, the Plaintiff did not rely on the express warranties and further, there was no such reliance by an person or entity authorized to represent Plaintiff.

### FOURTEENTH DEFENSE:

At all times relevant hereto, all warnings, information and instructions provided by Westinghouse in regard to any product were developed and formulated in accordance with the state of the medical and scientific knowledge existing at the time, and such warnings, information and instructions complied with the current state of the art known to Westinghouse.

### FIFTEENTH DEFENSE:

The state of medical, scientific and industrial knowledge, art and practice was at all material times such that Westinghouse neither breached any alleged duty owed to

the Plaintiff, nor knew, nor could have known that is products presented any foreseeable risk of harm to the Plaintiff.

### SIXTEENTH DEFENSE:

Westinghouse had no duty to give instructions to the Plaintiff or to warn the Plaintiff of any hazards attendant to the contact with, use of, or exposure to asbestos-containing products, whether known or constructively known to Defendant, because those hazards were known by other persons who controlled or supervised Plaintiff in the course of, or incidental to, his employment.

### SEVENTEENTH DEFENSE:

The product or products in question met or exceeded the standards of the industry at the time of manufacture and sale or distribution.

### EIGHTEENTH DEFENSE:

The Plaintiff and his employer(s) were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

### NINETEENTH DEFENSE:

If any products of Westinghouse were furnished to the Plaintiff's employers, they were furnished in strict conformity with the conditions specified or to the specifications issued by or under the direction of said employers.

### TWENTIETH DEFENSE:

At all times relevant hereto, the knowledge of Plaintiff's employers was superior to that of Westinghouse with respect to possible health hazards associated with

Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers, not Westinghouse, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiff.

### TWENTY-FIRST DEFENSE:

Because the Plaintiff is unable to identify the sellers of the products that allegedly caused his injuries, the Plaintiff failed to state a claim upon which relief may be granted, and if such relief were granted, it would deprive Westinghouse of its constitutional rights to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

### TWENTY-SECOND DEFENSE:

Any and all injury, damage or loss sustained by the Plaintiff was caused by the unintended, unexpected or abnormal use and/or misuse, if any, of Westinghouse's products, and not by any act or omission of Westinghouse.

### TWENTY-THIRD DEFENSE:

The products of Westinghouse, if any, to which the Plaintiff was exposed, which exposure is expressly denied, were not in the same condition as when sold, having been materially altered some time after the sale and prior to the time of any exposure.

### TWENTY-FOURTH DEFENSE:

If the Plaintiff alleges he was exposed to asbestos from a government specified product manufactured, sold or distributed by Westinghouse, then Plaintiff's claims are barred by the governmental contractor defense.

### TWENTY-FIFTH DEFENSE:

Westinghouse is entitled to a set off of any amounts paid to the Plaintiff as compensation, including payments for medical expenses and including the present value of any future payments to which the Plaintiff is entitled.

### TWENTY-SIXTH DEFENSE:

Westinghouse pleads that it is immune from civil liability of any form or nature in this matter under Connecticut's workers' compensation law if plaintiff was an employee of defendant during the period of alleged exposure. The said workers' compensation law provides Worker's Compensation benefits for the disability of an employee if such resulted from injury or occupational disease incurred or sustained in the course of employment as an exclusive remedy.

### TWENTY-SEVENTH DEFENSE:

Westinghouse contends that if Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, then, accordingly, said claims are barred.

### TWENTY-EIGHTH DEFENSE:

Because of the generality of the allegations in the Complaint, Westinghouse reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Westinghouse respectfully prays that Plaintiff's actions against it be dismissed and Westinghouse be awarded its costs; and for such other and further relief as the court deems just and proper.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues.

>Respectfully submitted,
>Defendant,
>CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION
>
>       /s/Robert F. Martin
>Robert F. Martin
>Eckert Seamans Cherin & Mellott LLC
>10 Bank Street, 7th Fl.
>White Plains, NY 10606
>Juris No.CT18424
>Phone: (914) 286-6439
> rmartin@eckertseamans.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2014 a copy of the foregoing Answer, Special Defenses and Jury Demand was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below.  Parties may access this filing through the Court's CM/ECF System.

                                                /s/Robert F. Martin
                                             Robert F. Martin

Representing Ronald Zimmerman
*(Plaintiff):*

Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
203-785-1671 (fax)
cmeisenkothen@elslaw.com

Representing Ametek, Inc
*(Defendant):*

Bryan Matthew Abramoske
Cetrulo LLP
Exchange Place
Two Seaport Lane, 10th Fl.
Boston, MA 02210
617-217-5500
617-217-5200 (fax)
babramoske@cetllp.com

Matthew Jason Zamaloff
Cetrulo LLP
Exchange Place
Two Seaport Lane, 10th Fl.
Boston, MA 02210
617-217-5226
617-217-5200 (fax)
mzamaloff@cetllp.com

Representing Viad Corp
*(Defendant):*

Christopher J. Lynch
LeClairRyan
One Financial Plaza
755 Main Street, Suite 2000
Hartford, CT 06103
860-656-1935
860-656-1985 (fax)
christopher.lynch@leclairryan.com