UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD ZIMMERMAN : | |
|     Plaintiff : | |
| : | 3:14-cv-00176 |
| VS. : | |
| : | |
| AIR & LIQUID SYSTEMS CORPORATION, ET ALS, : | |
|     Defendants : | |

**NOTICE OF JOINDER OF DEFENDANT, EATON HYDRAULICS LLC, SUCCESSOR BY MERGER TO EATON HYDRAULICS INC. (FORMERLY KNOWN AS VICKERS, INCORPORATED) IN REMOVAL OF ACTION FILED BY VIAD CORPORATION, UNDER 28 U.S.C. § 1442**

**PLEASE TAKE NOTICE** that Defendant, Eaton Hydraulics LLC, successor by merger to Eaton Hydraulics Inc. (formerly known as Vickers, Incorporated) (incorrectly sued as Eaton Corporation…as successor to Vickers and Waterbury Tool) (hereinafter "Eaton"), in the above-captioned action, hereby joins in the Notice of Removal filed on February 11, 2014, by Viad Corporation, as to the state court action filed by Ronald Zimmerman ("Plaintiff").

**I.**    **BACKGROUND**

1.    Plaintiff filed his Complaint in the Judicial District of Fairfield at Bridgeport (Docket No. FBT CV 14-6040832-S) on or about January 29, 2014. Plaintiff's Complaint alleges that Mr. Zimmerman contracted asbestos-related Mesothelioma and other asbestos-related pathologies. More specifically, Plaintiff alleges that Mr. Zimmerman was exposed to various asbestos-containing products while in the United States Navy from 1966-1971 and while employed as a vehicle mechanic in the National Guard through the 1970s. Complaint, ¶4. The Plaintiff asserts claims under the Connecticut Products Liability Act against Eaton and the other defendants. In particular, the Complaint alleges that Eaton manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos dust and fiber. Complaint, ¶5

2.    In light of *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 2d 325 (D. Conn. 2008), this matter was removed to this Court, and Eaton expressly joined in said removal within thirty (30) days of Eaton's receipt of information (i.e. Plaintiff's Complaint) from which it could first

ascertain that the Plaintiff in this case alleged asbestos exposure aboard a U.S. Navy vessel from equipment that was allegedly manufactured or supplied to the U.S. Navy by Eaton.

### FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(A)

3. The basis for Eaton's joinder in this removal is that this action involves a person, i.e., Eaton, who – in relation to the claims being stated against it and as summarized herein – acted under the authority, direction, and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1) and who can state at least a colorable federal law-based "government contractor" defense to those claims.

4. Eaton respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of any obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its joinder in this removal.

5. Removal under 42 U.S.C. § 1442(a)(1) is proper where a defendant: (1) "'act[ed] under [a federal] officer;'" (2) has been sued for the actions which it performed "'under color of federal office;'" and (3) can state at least a colorable federal law-based defense to that suit. *Mesa v. California*, 489 U.S. 121 (1989); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008).

6. To the extent that Eaton is alleged to have manufactured or supplied any asbestos-containing materials or equipment in this case, it would have acted under the detailed and ongoing direction and control of one or more federal officers and in accordance with precise, detailed, specifications promulgated by Navy Sea Systems Command.  The United States District Court for the District of Connecticut has repeatedly held that parties similarly-situated to Eaton were "acting under a federal officer" in relation to their design and manufacture of Navy equipment. *See, e.g.*, *Despres v. Ampco-Pittsburgh Corp.*, 577 F. Supp. 2d 604, 609 (D. Conn. 2008); *Pantalone*, 576 F. Supp. 2d at 330; *Machnik v. Buffalo Pumps*, 506 F. Supp. 2d 99, 103 (D. Conn. 2007) (Droney, J.).

7. It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office. *Madden*, 205 F. Supp. 2d at 701-02. *See also, e.g.*, *Isaacson*, 517 F.3d at 137-38; *Pantalone*, 576 F. Supp. 2d at 330-31.

8.      As to the question of a colorable federal-law based defense, Eaton hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: 1) it would have designed, manufactured and supplied any equipment alleged to be at issue in this case in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the equipment would have conformed with those Navy specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure.  This Court has repeatedly found that defendants similarly situated to Eaton can state at least a colorable government contractor defense in relation to such claims.  *See, e.g.*, *Despres*, 577 F. Supp. 2d at 609; *Pantalone*, 576 F. Supp. at 331-32.

9.      Viad Corporation was not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442 (a)(1). *See, e.g.*, *Ely Valley Mines v. Hartford Accident Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *National Audubon Soc'y v. Department of Water & Power*, 496 F. Supp. 509 (E.D. Cal. 1980). The instant joinder is intended solely to give notice to this Court and to all parties to this civil action that all claims stated against Eaton in this matter independently fall within the scope of this Court's jurisdiction under 28 U.S.C. §1442(a)(1).

**WHEREFORE, PREMISES CONSIDERED**, Eaton hereby expressly joins in the removal of this action from the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, on this 28th day of February, 2014.

Respectfully submitted,

Eaton Hydraulics LLC
By its Attorney,

/s/ Margreta Vellucci

_____
Margreta Vellucci, Esquire
Federal Bar no:  ct28530
Pond North LLP
99 Derby Street, Suite 201
Hingham, MA 02043
(781) 556-0060 PHONE
(781) 740-9475 FAX

February 24, 2014

4691-0097:4815-1493-2504.v1

## CERTIFICATE OF SERVICE

      I, Margreta Vellucci, attorney for Defendant, Eaton Hydraulics LLC, hereby certify that a copy of the herein Notice of Joinder was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                /s/ Margreta Vellucci

                                                Margreta Vellucci (#ct28530)

February 24, 2014