# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD ZIMMERMAN | : | |
| Plaintiff | : | |
| | : | 3:14-cv-00176 |
| VS. | : | |
| | : | |
| AIR & LIQUID SYSTEMS CORPORATION, ET ALS, | : | |
| Defendants | : | |

### ANSWER, SPECIAL DEFENSES, CROSS-CLAIMS AND ANSWER TO ALL CROSS-CLAIMS OF DEFENDANT, EATON HYDRAULICS LLC, SUCCESSOR BY MERGER TO EATON HYDRAULICS INC. (FORMERLY KNOWN AS VICKERS, INCORPORATED)

Eaton Hydraulics LLC, successor by merger to Eaton Hydraulics Inc. (formerly known as Vickers, Incorporated) (incorrectly sued as Eaton Corporation…as successor to Vickers and Waterbury Tool) (hereinafter "Eaton  Hydraulics"), a Defendant in the above-captioned matter, respectfully submits the following Answer and Special Defenses to Plaintiffs' Complaint, dated January 29, 2014.

## COUNT I

1.      As to the allegations of paragraph 1, Eaton Hydraulics is without sufficient knowledge or information upon which to form a belief and therefore leaves Plaintiffs to their proof.

2.      As to the allegations contained within paragraph 2, Eaton Hydraulics admits that it conducted business in the state of Connecticut, but denies that it produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or that it has committed the tortuous acts alleged by the plaintiff. As for the allegations pertaining to the other defendants, Eaton Hydraulics is without sufficient

knowledge or information to form a belief as to their truth, and therefore leaves the Plaintiffs to their proof.

3.      As to the allegations contained within paragraph 3, Eaton Hydraulics is without sufficient knowledge or information to form a belief as to their truth and leaves the Plaintiffs to their proof.

4.      As to the allegations contained within paragraph 4, Eaton Hydraulics is without sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

5.      Eaton Hydraulics denies the allegations contained within paragraph 5 as they pertain to Eaton Hydraulics.  As for the remaining allegations pertaining to the other defendants, Eaton Hydraulics is without sufficient knowledge or information to form a belief as to their truth, and leaves the Plaintiffs to their proof.

6.      Eaton Hydraulics denies the allegations contained within paragraph 6 as they pertain to Eaton Hydraulics.  As for the remaining allegations pertaining to the other defendants, Eaton Hydraulics is without sufficient knowledge or information to form a belief as to their truth, and leaves the Plaintiffs to their proof.

7.      As to the allegations contained within paragraph 7, Eaton Hydraulics is without sufficient knowledge or information to form a belief as to their truth, and therefore leaves the Plaintiffs to their proof.

8.      Eaton Hydraulics denies the allegations contained within paragraph 8 as they pertain to Eaton.  As for the remaining allegations pertaining to the other defendants, Eaton is without sufficient knowledge or information to form a belief as to their truth, and leaves the Plaintiffs to their proof.

9.      Eaton Hydraulics denies the allegations contained within paragraph 9 as they pertain to Eaton Hydraulics.  As for the remaining allegations pertaining to the other defendants, Eaton Hydraulics is without sufficient knowledge or information to form a belief as to their truth, and leaves the Plaintiffs to their proof.

10.     Eaton Hydraulics denies the allegations contained within paragraph 10, including its subparts, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 10, including its subparts, as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

11.     Eaton Hydraulics denies the allegations contained within paragraph 11 as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 11 as they relate to other defendants and the injuries and damages suffered by the Plaintiff, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

12.     Eaton Hydraulics denies the allegations contained within paragraph 12 as they pertain to Eaton Hydraulics.  Eaton Hydraulics specifically denies that it is legally liable for, or that it proximately caused the Plaintiff and/or Plaintiff's decedent's injuries or damages.  As to the remaining allegations of paragraph 12 as they relate to other defendants and the injuries and damages suffered by the Plaintiff and/or Plaintiff's decedent, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

13.     Eaton Hydraulics denies the allegations contained within paragraph 13 as they pertain to Eaton Hydraulics.  Eaton Hydraulics specifically denies that it is legally liable for, or that it

proximately caused the Plaintiff and/or Plaintiff's decedent's injuries or damages.  As to the remaining allegations of paragraph 13 as they relate to other defendants and the injuries and damages suffered by the Plaintiff and/or Plaintiff's decedent, Eaton does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

14.     Eaton Hydraulics denies the allegations contained within paragraph 14 as they pertain to Eaton Hydraulics.  Eaton Hydraulics specifically denies that it is legally liable for, or that it proximately caused the Plaintiff's injuries or damages.  As to the remaining allegations of paragraph 14 as they relate to other defendants and the injuries and damages suffered by the Plaintiffs, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

15.     Eaton Hydraulics denies the allegations contained within paragraph 15 as they pertain to Eaton Hydraulics.  Eaton Hydraulics specifically denies that it is legally liable for, or that it proximately caused the Plaintiff's injuries or damages.  As to the remaining allegations of paragraph 15 as they relate to other defendants and the injuries and damages suffered by the Plaintiffs, Eaton  Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves Plaintiff to her proof.

16.     Eaton Hydraulics denies the allegations of paragraph 16, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 16 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

17.     Eaton Hydraulics denies the allegations of paragraph 17, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 17 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

18.     Eaton Hydraulics denies the allegations of paragraph 18, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 18 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

19.     Eaton Hydraulics denies the allegations of paragraph 19, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 19 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

20.     Eaton Hydraulics denies the allegations of paragraph 20, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 20 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

21.     Eaton Hydraulics denies the allegations of paragraph 21, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 21 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

22.     Eaton Hydraulics denies the allegations of paragraph 22, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 22 as they relate to other defendants,

Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

23.     Eaton Hydraulics denies the allegations of paragraph 23, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 23 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and leaves the Plaintiffs to their proof.

24.     Eaton Hydraulics denies the allegations of paragraph 24, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 24 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

25.     Eaton Hydraulics denies the allegations of paragraph 25, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 25 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

26.     Eaton Hydraulics denies the allegations of paragraph 26, including each and every subpart, as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 26 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their proof.

27.     The allegations of paragraph 27 do not state material facts upon which the Plaintiff relies, but rather alleges a statutory basis for the Plaintiff's claims, and does not require a response.  To the extent that a response is required by this Defendant, the allegations are denied.

       WHEREFORE, the Defendant, Eaton Hydraulics LLC, denies that the Plaintiff is entitled to the damages claimed.

## COUNT II

1-27.   Eaton Hydraulics incorporates herein by reference all of its responses to all prior paragraphs of the Plaintiffs' Complaint as if fully set forth herein.

28-32.  Eaton Hydraulics denies the allegations contained within paragraph 28-32 as they pertain to Eaton Hydraulics.  As to the remaining allegations of paragraph 28-32 as they relate to other defendants, Eaton Hydraulics does not have sufficient knowledge or information upon which to form a belief and therefore leaves Plaintiffs to their proof.

WHEREFORE, the Defendant, Eaton Hydraulics LLC, denies that the Plaintiffs are entitled to the damages claimed.

### SPECIAL DEFENSES OF DEFENDANT EATON HYDRAULICS

### FIRST SPECIAL DEFENSE

The Court lacks subject matter jurisdiction over the claims set forth in the Plaintiffs' Complaint asserted against this Defendant.

### SECOND SPECIAL DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

### THIRD SPECIAL DEFENSE

The causes of action alleged in Plaintiffs' Complaint are barred by the applicable statutes of limitations and repose as set forth in C.G.S.§ 52-577a.

### FOURTH SPECIAL DEFENSE

The causes of action alleged in Plaintiffs' Complaint are barred by the applicable statute of limitation set forth in C.G.S. § 52-577c.

### FIFTH SPECIAL DEFENSE

The Court lacks personal jurisdiction over this Defendant.

## SIXTH SPECIAL DEFENSE

The injuries and/or illnesses of Plaintiff and/or Plaintiff's decedent, if any, arose in whole or in part out of the risks, hazards and dangers incident to the occupation of Plaintiff's decedent, all of which were open, obvious and well known to Plaintiff and/or Plaintiff's decedent, and any claims against this Defendant are therefore barred.

## SEVENTH SPECIAL DEFENSE

To the extent that the injuries and/or illnesses of Plaintiff and/or Plaintiff's decedent, if any, were caused or contributed to in whole or in part, by intervening and superseding causative factors, the claims of Plaintiff against this Defendant are barred.

## EIGHTH SPECIAL DEFENSE

Plaintiff and/or Plaintiff's decedent willingly, knowingly and voluntarily assumed the risk of the alleged illnesses, injuries and damages for which relief is sought in this matter, and therefore any recovery by the Plaintiff is barred.

## NINTH SPECIAL DEFENSE

Plaintiff and/or Plaintiff's decedent failed to exercise ordinary care for their own safety and well-being and that failure to exercise ordinary care proximately and directly caused and/or contributed to their alleged illnesses, injuries and damages.  Plaintiff and/or Plaintiff's decedent further failed to make reasonable efforts to mitigate or minimize her illnesses, injuries and/or damages, if any.  Accordingly, for either or both of the foregoing reasons, any award to the plaintiff must be reduced to reflect the plaintiff's comparative responsibility in accordance with C.G. S. § 52-572o.

## TENTH SPECIAL DEFENSE

To the extent that any of the alleged products were modified, altered or in any other way materially varied, which may be causally related to the claims of Plaintiff, Plaintiff's claims against this Defendant are barred.

## ELEVENTH SPECIAL DEFENSE

The Plaintiff and/or Plaintiff's decedent, never, prior to filing this Complaint, informed Eaton Hydraulics, by any means whatsoever of any alleged breach of express and /or implied warranties; the Plaintiff failed to give reasonable notice of the alleged breach of warranties within a reasonable time as required by law and/or pursuant to C.G.S. § 42a-2-607; consequently, the Plaintiff's claims for alleged breaches of warranties against Eaton Hydraulics are barred.

## TWELFTH SPECIAL DEFENSE

The Plaintiff's claims for alleged breaches of warranties against Eaton Hydraulics fail for lack of privity of contract pursuant to C.G.S. § 42a-2-607.

## THIRTEENTH SPECIAL DEFENSE

At all times material hereto, the state of the medical, scientific, and/or industrial art was such that there was no generally accepted or recognized knowledge of any unavoidable, unsafe, inherently dangerous, or hazardous character or nature of the alleged products when used in the manner and purpose allegedly described by the Plaintiff and/or Plaintiff's decedent; therefore there was no duty on the part of this Defendant to know of any such character or nature, or to warn or protect plaintiff or others similarly situated.

## FOURTEENTH SPECIAL DEFENSE

To the extent that Plaintiff and/or Plaintiff's decedent sustained the alleged injuries and/or illnesses through any carelessness, recklessness, acts, omissions, negligence and/or

breaches of duty and/or warranty and/or contract of this Defendant, Plaintiff's claims are barred by the exclusivity of the Connecticut Worker's Compensation Act, C.G.S. §31-284, et seq., and/or any other applicable Worker's Compensation Act or acts.

## FIFTEENTH SPECIAL DEFENSE

Any judgment which might be rendered in favor of the Plaintiff must be reduced and/or set off by any and all Worker's Compensation payments made to the Plaintiff and/or Plaintiff's decedent.

## SIXTEENTH SPECIAL DEFENSE

Plaintiff's claims are barred because of the Statute of Frauds.

## SEVENTEENTH SPECIAL DEFENSE

Plaintiff's claims are barred because of the doctrine of waiver.

## EIGHTEENTH SPECIAL DEFENSE

Plaintiff's claims are barred because of the doctrine of estoppel.

## NINETEENTH SPECIAL DEFENSE

The Plaintiff has failed to join necessary and indispensable parties for a just adjudication of this matter and have further omitted to state any reasons for such failure.

## TWENTIETH SPECIAL DEFENSE

Plaintiff's claims are barred by the doctrine of laches, as Plaintiff has inexcusably failed to notify the necessary parties of the claims or give due and timely notice of their claims against Eaton Hydraulics, to the prejudice of Eaton  Hydraulics.

## TWENTY-FIRST SPECIAL DEFENSE

Plaintiff may not bring this action as they have failed to exhaust all of their administrative remedies.

## TWENTY-SECOND SPECIAL DEFENSE

Plaintiff and/or Plaintiff's decedent contributed to the illnesses, either in whole or in part, by the use of tobacco products and/or other substances, products, medications or drugs.

## TWENTY-THIRD SPECIAL DEFENSE

At all times relevant to this litigation, the agents, servants, and/or employees of this Defendant used proper methods in handling the products complained of and conducted its operations in conformity with available knowledge, state of the art, and research of the scientific and industrial communities.

## TWENTY-FOURTH SPECIAL DEFENSE

To the extent that the Plaintiff and/or Plaintiff's decedent was exposed to any product as the result of conduct by this Defendants, which is denied, said exposure was de minimis and not a substantial contributing factor to any disease that such Plaintiff and/or Plaintiff's decedent may have developed, thus requiring dismissal of the claims against this Defendant.

## TWENTY-FIFTH SPECIAL DEFENSE

Insofar as the Complaint seeks exemplary and/or punitive damages, each such claim is barred by the due process clauses of the Fourteenth Amendment of the United States Constitution; by prescription of the Eighth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment and corresponding provisions of the Connecticut State Constitution and by the "double jeopardy" clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, and the Connecticut State Constitution.

## TWENTY-SIXTH SPECIAL DEFENSE

The Plaintiff and/or Plaintiff's decedent may have released, settled, entered into an accord and satisfaction or otherwise compromised their claims brought herein, and accordingly said claims are barred, or should otherwise be subject to a set off and/or reduced accordingly.

## TWENTY-SEVENTH SPECIAL DEFENSE

If Eaton Hydraulics' products were used or involved as alleged in the Plaintiffs' Complaint, the Plaintiff and/or Plaintiff's decedent, and/or other persons used Eaton Hydraulics' products in an unreasonable manner, not reasonably foreseeable to Eaton Hydraulics, and for a purpose for which the products were not intended, manufactured or designed.

## TWENTY-EIGHTH SPECIAL DEFENSE

If Eaton Hydraulics' products were used or involved as alleged in the Plaintiffs' Complaint, said products were manufactured, processed, supplied and/or furnished in accordance with specifications established and promulgated by the Plaintiff and/or Plaintiff's decedent's employer, agencies or departments of the United States of America, or other persons or entities.

## TWENTY-NINTH SPECIAL DEFENSE

To the extent that the Plaintiff settles with and/or releases other defendants or entities which are tortfeasors, Eaton Hydraulics is entitled to a reduction of any judgment either in the total amount of all the settlements or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## THIRTEETH SPECIAL DEFENSE

No acts or omissions of this defendant proximately caused any damages.

## THIRTY-FIRST SPECIAL DEFENSE

All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as though fully set forth herein as defenses of the

Complaint.  In addition, this answering Defendant will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional defenses.

## THIRTY-SECOND SPECIAL DEFENSE

Any alleged product at issue that may have been present at the Plaintiff and/or Plaintiff's decedent's job locations was placed in any such buildings upon specification, approval, or at the instruction of governmental or legislative agencies or bodies.

## THIRTY-THIRD SPECIAL DEFENSE

The Plaintiff and/or Plaintiff's decedent's employers, by their agents, servants and employees, at all times relevant hereto, possessed a high degree of knowledge and sophistication in relation to Eaton Hydraulics, had superior means and ability to appreciate any alleged hazard regarding the use of asbestos material, had the means and ability, superior to that of Eaton Hydraulics, to warn the Plaintiff and/or Plaintiff's decedent, and failed to so warn them of the alleged hazard.

## THIRTY  THIRD SPECIAL DEFENSE

This Defendant denies that the products alleged in the Complaint are products within the meaning and scope of the Restatement of Torts 402A and, as such, the Complaint fails to state a cause of action in strict products liability.

## THIRTY-FOURTH SPECIAL DEFENSE

This Defendant has no knowledge or reason to know of any alleged risks associated with the alleged asbestos or asbestos-containing products at any time during the periods alleged by Plaintiff and/or Plaintiff's decedent.

## THIRTY-FIFTH SPECIAL DEFENSE

Exposure to asbestos fibers allegedly attributable to this defendant (which is denied), is so minimal as to be insufficient to establish a reasonable degree of probability that the products are capable of causing injury or damages and must be considered speculative as a matter of law.

## THIRTY-SIXTH SPECIAL DEFENSE

If this Defendant was on notice of any hazard or defect for which the Plaintiff seeks relief, which this Defendants, denies, Plaintiff and/or Plaintiff's decedent also had such notice and is thereby barred from recovery.

## THIRTY-SEVENTH SPECIAL DEFENSE

None of the alleged injuries and/or illnesses and/or damages were foreseeable at the time of the acts or omissions alleged in the Plaintiffs' Complaint.

## THIRTY-EIGHTH SPECIAL DEFENSE

At all times relevant to this litigation, this Defendant complied with all applicable laws, regulations and standards.

## THIRTY-NINTH SPECIAL DEFENSE

Any damages that may have been sustained by the Plaintiff and/or Plaintiff's decedent, were caused and contributed to because of the negligence of the Plaintiff's decedent.

## FORTIETH SPECIAL DEFENSE

Any damages that may have been sustained by the Plaintiff and/or plaintiff's decedent were contributed to, in whole or in part, by the conduct of the Plaintiff's decedent.

## FORTY-FIRST SPECIAL DEFENSE

This Defendant denies that the Plaintiff and/or Plaintiff's decedent had any exposure to any alleged product mined, milled, processed, designed, assembled, fabricated, supplied, marketed, manufactured, installed, supplied, developed, tested, fashioned, packaged, distributed,

delivered, sold and/or otherwise placed in the stream of commerce, if any, by it, and more particularly, denies that this Defendant mined, milled, processed, designed, assembled, fabricated, supplied, marketed, manufactured, installed, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce, any alleged product at the time and upon the dates alleged in the Complaint.

## FORTY-SECOND SPECIAL DEFENSE

The Plaintiff and/or Plaintiff's decedent neither used nor was exposed to any product manufactured, sold or supplied by this Defendant.

## FORTY-THIRD SPECIAL DEFENSE

The claims of Plaintiff, if any, are barred by the provisions of 29 C.F.R. §1910.1001(g)(2).

## FORTY-FOURTH SPECIAL DEFENSE

This Defendant did not manufacture, process, or produce any asbestos materials and has no liability that might have arisen there from.

## FORTY-FIFTH SPECIAL DEFENSE

If this Defendant incorporated into its products any asbestos-containing materials supplied by other, such asbestos was fully encapsulated, was not friable, and would not and did not cause harm to the Plaintiff and/or Plaintiff's decedent.

## FORTY-SIXTH SPECIAL DEFENSE

This action is barred by virtue of the four year statute of limitations prescribed by the Uniform Commercial Code and other applicable statute of limitations, by virtue of failure of Plaintiff and/or Plaintiff's decedent to give requisite notice to this Defendant under Article 2 of the Uniform Commercial Code, insofar as a cause of action is alleged for breach of warranty or

warranties, express or implied; as well as by virtue of the absence of privity or of any contractual relationship between the Plaintiff and/or the Plaintiff's decedent and this Defendant.

## FORTY-SEVENTH SPECIAL DEFENSE

This Defendant denies that privity of contract between the Plaintiff and/or Plaintiff's decedent and itself ever existed.   Consequently, Plaintiff's claims for alleged breach of warranties are barred pursuant to C.G.S. §42a-2-318.

## FORTY-EIGHTH SPECIAL DEFENSE

The utility of the equipment supplied by this Defendant outweighs the danger allegedly involved, and therefore, the Plaintiff's claims are barred as a matter of public policy.

## FORTY-NINTH SPECIAL DEFENSE

If the Plaintiff and/or Plaintiff's decedent sustained injuries in the manner alleged, all of which as been denied by this Defendant, the liability of this Defendant, if any, should be limited in accordance with C.G.S. § 52-572h.

## FIFTIETH SPECIAL DEFENSE

This Defendant was never a member of any asbestos trade association and has no liability or knowledge that might have arisen there from.

## FIFTY-FIRST SPECIAL DEFENSE

Some or all of the causes of action may not be maintained because of arbitration or award.

## FIFTY-SECOND SPECIAL DEFENSE

Some or all of the causes of action may not be maintained because of discharge in bankruptcy.

## FIFTY-THIRD SPECIAL DEFENSE

There is no justiciable issue or controversy.

## FIFTY-FOURTH SPECIAL DEFENSE

Venue is improper in this Court.

## FIFTY-FIFTH SPECIAL DEFENSE

Plaintiff failed to effect service properly on this Defendant.

## FIFTY-SIXTH SPECIAL DEFENSE

At all relevant times, Plaintiff and Plaintiff's  employers were sophisticated users of asbestos, and Defendant knew of Plaintiff's employers' status as sophisticated user; therefore, Defendant had no duty to warn Plaintiff.

## FIFTY-SEVENTH SPECIAL DEFENSE

All shipment, transport, or delivery by this Defendant alleged in this action to or from Plaintiff's employers, if any, and/or to manufacturers of products that Plaintiff may have used or been exposed to, were made in bulk, and therefore there existed no practical way for this Defendant to warn Plaintiff.

## FIFTY-EIGHTH SPECIAL DEFENSE

This Defendant expressly denied that it manufactures, designed, and/or sold any products referred to in the Plaintiffs' Complaint that caused injury to the Plaintiff.  The products of this Defendant that the Plaintiff allegedly used or was exposed to if any, were not in the same condition as those sold, having been materially altered sometime after the sale and prior to the use or exposure as alleged.

## FIFTY-NINETH SPECIAL DEFENSE

Although Plaintiff's employer, by and through it agents, servants, or employees, was in control and possession of the surrounding environment and work site of its employees and was charged with the responsibility of maintaining a safe working place for such persons under its control, it failed to do so, thereby exposing the Plaintiff to an alleged unreasonable condition.

## SIXTIETH SPECIAL DEFENSE

Plaintiff's injuries or losses, if any, were caused by the abnormal and unintended use and misuse of said products by the Plaintiff, his employees, his fellow employees, the United States, and others.

## SIXTY-FIRST SPECIAL DEFENSE

Plaintiffs fail to state  a claim upon which relief can be granted to the extent that Plaintiff relies upon the doctrines of market share or alternative liability or any other theory providing for liability without proof of causation.

## SIXTY-SECOND SPECIAL DEFENSE

This Defendant states that the Plaintiffs' claims against this Defendant are barred because the damages or losses experienced, if any, were not due to any act or failure to act of this Defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act this Defendant is not responsible.

## SIXTY-THIRD SPECIAL DEFENSE

This Defendant gave no warranties, express or implied to the Plaintiff and/or Plaintiff's decedent or to anyone acting on his behalf.

## SIXTY-FOURTH SPECIAL DEFENSE

This Defendant states that the Plaintiffs' claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred.

## SIXTY-FIFTH SPECIAL DEFENSE

This Defendant states that if any of the Defendant's agents or servants made any express warranties, (allegations which the defendant specifically denies), then the agents or servants of the Defendant did so without authority, express or implied.

### SIXTY-SIXTH SPECIAL DEFENSE

This Defendant states that if the Defendant, its agents, or servants made any warranties, express or implied (allegations which this defendant specifically denies), then this Defendant denies that it breached any of the warranties.

### SIXTY-SEVENTH SPECIAL DEFENSE

This Defendant states that if this Defendant, its agents, or servants made any express warranties (allegations which this Defendant specifically denies), then the Plaintiff did not rely upon express warranties and further there was no such reliance by any person or entity authorized to represent the Plaintiffs.

### SIXTY-EIGHTH SPECIAL DEFENSE

Some or all of the causes of action may not be maintained because of payment.

### SIXTY-NINTH SPECIAL DEFENSE

Some or all of the causes of action may not be maintained because of release.

### SEVENTIETH SPECIAL DEFENSE

Some or all of the causes of action may not be maintained because of res judicata.

### SEVEVENTY-FIRST SPECIAL DEFENSE

Plaintiff has failed to plead any basis for claims of misrepresentation, deliberate concealment, or fraud against Eaton Hydraulics.

### SEVENTY-SECOND SPECIAL DEFENSE

At no time did Eaton Hydraulics enter into any contract with Plaintiffs and Eaton Hydraulics denies that privity of contract existed between Plaintiffs and Eaton Hydraulics.

### SEVENTY-THIRD SPECIAL DEFENSE

The alleged injury or damage sustained as a result of the occupation of Plaintiff's was an occupational disease and accordingly Eaton Hydraulics is not liable or responsible for any

occupational disease which was suffered or sustained by Plaintiff in the course of Plaintiff's employment over a number of years.

### SEVENTY-FOURTH SPECIAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the extent that it seeks to impose joint and several liability based upon claims of negligence insofar as Connecticut requires apportionment of damages in all negligence cases for bodily injury or death.

### SEVENTY-FIFTH SPECIAL DEFENSE

To the extent that the Plaintiffs are unable to identify the sellers of the products that allegedly caused the decedent's injuries, the Plaintiff fails to state a claim upon which relief may be granted and if such relief were granted, it would deprive Eaton Hydraulics of its constitutional rights to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

### SEVENTY-SIXTH SPECIAL DEFENSE

To the extent that the Plaintiffs are unable to identify the manufacturers of the products that allegedly caused the Plaintiff's injuries, the Plaintiffs fail to state a claim upon which relief may be granted, and if such relief were granted, it would deprive Eaton Hydraulics of its constitutional rights to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

### SEVENTY-SEVENTH SPECIAL DEFENSE

The answering defendant alleges that Plaintiffs' Complaint and all purported causes of action therein are vague, ambiguous and uncertain.

4691-0097:4811-0880-5912.v1

## SEVENTY-EIGHTH SPECIAL DEFENSE

The answering Defendant alleges that any loss, injury or damage incurred by Plaintiffs was proximately and legally caused by the negligent or willful acts or omissions of parties which Eaton Hydraulics neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Eaton  Hydraulics

## SEVENTY-NINTH SPECIAL DEFENSE

This answering Defendant alleges that Eaton Hydraulics has no liability for the acts, omissions or otherwise of any other Defendant or any other entity because Eaton  Hydraulics did not become legally responsible for the acts of any such defendant or entity given the facts and circumstances of the pertinent transaction and never was, nor is, a successor in interest, a successor in liability or an alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing products.

## EIGHTIETH SPECIAL DEFENSE

This answering Defendant alleges that Eaton Hydraulics has no liability for the acts, omissions or otherwise of any other Defendant or any other entity because Eaton  Hydraulics did not become legally responsible for the acts of any such defendant or entity given the facts and circumstances of the pertinent transaction and never was, nor is, a successor in interest, a successor in liability or an alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing products.

## EIGHTY-FIRST DEFENSE

This Defendant states that if it supplied any asbestos product, either directly or indirectly, to the Plaintiff's employer, the product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, and/or other persons and/or entities.

**EIGHTY-SECOND DEFENSE**

This Defendant states that any asbestos-containing products manufactured and sold by this defendant which gave rise to Plaintiffs' claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of this defendant, and by reason thereof, this defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

**CROSS CLAIM OF DEFENDANT/CROSS CLAIM PLAINTIFF, EATON HYRAULICS LLC AGAINST ALL CO-DEFENDANTS**

1.     Plaintiffs in this action have filed a Complaint against the defendant/cross-claim plaintiff alleging that the plaintiff has sustained certain asbestos-related diseases and other injuries, and all said allegations have been denied by the defendant/cross-claim plaintiff.

2.     Although the defendant/cross-claim plaintiff denies all the claims set forth in the plaintiffs' Complaint, in the event that the defendant/cross-claim plaintiff is found liable to the plaintiffs, then all other cross-claim defendants are liable for equitable contribution and/or statutory contribution pursuant to maritime law, C.G.S. § 52-572o, and/or allocation of fault.

3.     Only in the event the defendant/cross-claim plaintiff is found liable to the plaintiff, for purposes of this cross-claim, all allegations set forth in the plaintiffs' Complaint or related third-party Complaints against said defendants are adopted and incorporated as set forth fully herein.

4.     Only in the event that this defendant/cross-claim plaintiff is found liable to plaintiffs, in whole or in part, then the cross-claim defendants are liable to this defendant/cross-claim plaintiff for all or part of plaintiffs claimed damages.

WHEREFORE, defendant/cross-claim plaintiff Eaton Hydraulics LLC claims:

a.      Contribution for Plaintiffs' alleged damages pursuant to maritime law and C.G.S. § 52-572.

b.      Equitable contribution from the cross-claim defendants for their share of any judgment rendered in favor of Plaintiffs.

c.      An allocation of responsibility among defendants; and

d.      Such other relief as the Court may deem just and proper.

## ANSWER TO ANY AND ALL CROSS-CLAIMS AGAINST DEFENDANT/CROSS-CLAIM DEFENDANT EATON HYDRAULICS LLC

Eaton Hydraulics denies each and every allegation of each and every cross-claim that was or hereinafter may be filed against Eaton Hydraulics by any co-defendants or third-party defendants.

## DEMAND FOR A JURY TRIAL

Eaton Hydraulics LLC, successor by merger to Eaton Hydraulics Inc. (formerly known as Vickers, Incorporated) (incorrectly sued as Eaton Corporation…as successor to Vickers and Waterbury Tool) (hereinafter "Eaton Hydraulics"), by its counsel, Pond North LLP, hereby demands a trial by jury in the above captioned action.

Respectfully submitted,

Eaton Hydraulics LLC
By its Attorney,

/s/ Margreta Vellucci
_____
Margreta Vellucci, Esquire
Federal Bar no:  ct28530
Pond North LLP
99 Derby Street, Suite 201
Hingham, MA 02043
(781) 556-0060 PHONE
(781) 740-9475 FAX

February 24, 2014

## CERTIFICATE OF SERVICE

I, Margreta Vellucci, attorney for Defendant Eaton Hydraulics LLC, hereby certify that a copy of the herein Answer, Special Defenses, Cross-Claims and Answer to All Cross-Claims was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/ Margreta Vellucci
_____
Margreta Vellucci (#ct28530)

February 24, 2014

4691-0097:4811-0880-5912.v1