## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD ZIMMERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC., et al.,<br><br>    Defendants. | USDC-District of Connecticut<br>Civil Action No. 3:14-cv-00176-MPS<br><br>March 4, 2014 |

### DEFENDANT AIR & LIQUID SYSTEMS CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS AGAINST CO-DEFENDANTS, ANSWER TO ALL CROSS-CLAIMS AND JURY DEMAND

Defendant Air & Liquid Systems Corporation, sued in its alleged capacity as successor-by-merger to Buffalo Pumps, Inc. (collectively, "Buffalo Pumps") hereby answers Plaintiff's Complaint as follows:

### AS TO COUNT I

1.      Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph One of Count I of the Plaintiff's Complaint, and therefore leaves Plaintiff to his proof.

2.      Paragraph Two of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Two of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

1

3.     Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Three of Count I of the Plaintiff's Complaint, and therefore leaves Plaintiff to his proof.

4.     Paragraph Four of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Four of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

5.     Paragraph Five of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Five of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

6.     Paragraph Six of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Six of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

7.     Paragraph Seven of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies

the allegations contained in Paragraph Seven of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

8.      Paragraph Eight of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Eight of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

9.      Paragraph Nine of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Nine of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

10.      Paragraph Ten of Count I of Plaintiff's Complaint (including all subparts) contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Ten of Count I of Plaintiff's Complaint (including all subparts) as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

11.      Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph

Eleven of Count I of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Eleven of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

12.     Paragraph Twelve of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Twelve of Count I of Plaintiff's Complaint (including all subparts) as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

13.     Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Thirteen of Count I of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Thirteen of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

14.     Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Fourteen of Count I of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Fourteen of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

15.     Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Fifteen of Count I of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth

of the allegations asserted in Paragraph Fifteen of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

16.     Paragraph Sixteen of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Sixteen of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

17.     Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Seventeen of Count I of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Seventeen of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

18.     Paragraph Eighteen of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Eighteen of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

19.     Paragraph Nineteen of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Nineteen of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

20.      Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Twenty of Count I of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Twenty of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

21.      Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Twenty-One of Count I of Plaintiff's Complaint to the extent they are directed towards it. Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Twenty-One of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

22.      Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Twenty-Two of Count I of Plaintiff's Complaint to the extent they are directed towards it. Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Twenty-Two of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

23.      Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Twenty-Three of Count I of Plaintiff's Complaint to the extent they are directed towards it. Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Twenty-Three of Count I of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

24.      Paragraph Twenty-Four of Count I of Plaintiff's Complaint contains legal

conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Twenty-Four of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

25.     Paragraph Twenty-Five of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Twenty-Five of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

26.     Paragraph Twenty-Six of Count I of Plaintiff's Complaint (including all subparts) contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Twenty-Six of Count I of Plaintiff's Complaint (including all subparts) as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

27.     Paragraph Twenty-Seven of Count I of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Twenty-Seven of Count I of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged

against other parties, and therefore, leaves Plaintiff to his proof.

## AS TO COUNT II

1-27.   In response to Paragraphs 1 through 27 of Count II of Plaintiff's Complaint, BUFFALO PUMPS repeats and re-alleges its responsive pleadings to the allegations contained in Paragraphs 1-27 as if fully set forth herein.

28.   Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Twenty-Eight of Count II of Plaintiff's Complaint to the extent they are directed towards it. Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Twenty-Eight of Count II of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

29.   Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Twenty-Nine of Count II of Plaintiff's Complaint to the extent they are directed towards it. Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Twenty-Nine of Count II of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

30.   Defendant BUFFALO PUMPS denies the allegations that are asserted in Paragraph Thirty of Count II of Plaintiff's Complaint to the extent they are directed towards it.  Defendant BUFFALO PUMPS is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph Thirty of Count II of Plaintiff's Complaint that are not directed towards it, and therefore leaves Plaintiff to his proof.

31.   Paragraph Thirty-One of Count II of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Thirty-One of Count II of Plaintiff's Complaint as

alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.

32.     Paragraph Thirty-Two of Count II of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, BUFFALO PUMPS denies the allegations contained in Paragraph Thirty-Two of Count II of Plaintiff's Complaint as alleged against BUFFALO PUMPS, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as alleged against other parties, and therefore, leaves Plaintiff to his proof.


## **GENERAL DENIAL**

Defendant Buffalo Pumps, Inc. denies each and every material allegation of the Complaint directed towards it except as specifically admitted.


## **SPECIAL DEFENSES**

### **FIRST DEFENSE**

Defendant Buffalo Pumps, Inc. states that Plaintiff's action is barred by the applicable statutes of limitations and repose.

### **SECOND DEFENSE**

Defendant Buffalo Pumps, Inc. states that if the Plaintiff suffered damages as alleged in the complaint, such damages were caused by someone for whose conduct Defendant Buffalo Pumps, Inc. was not and is not legally responsible.

## THIRD DEFENSE

Defendant Buffalo Pumps, Inc. states that the negligence of the Plaintiff caused or contributed to the injuries or damages alleged and such negligence should bar, or at least reduce, the Plaintiff's recovery.

## FOURTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff failed to give proper notice as required by law and Defendant Buffalo Pumps, Inc. was prejudiced thereby.

## FIFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that at the time of the alleged incident, the Plaintiff was guilty of a violation of law that contributed to the alleged incident.

## SIXTH DEFENSE

Defendant Buffalo Pumps, Inc. states that this Court lacks subject matter jurisdiction over the causes of action alleged in Plaintiff's complaint pursuant to applicable statutes.

## SEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. denies that the doctrine of strict liability in tort applies to this case.

## EIGHTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff willingly, knowingly and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

## NINTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff's claims against Defendant Buffalo Pumps, Inc. are barred because the damages or losses experienced, if any, were not due

to any act or failure to act of Defendant Buffalo Pumps, Inc., but were caused solely by the acts of a third-party or parties for whose acts or failure to act Defendant Buffalo Pumps, Inc. is not responsible.

## TENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that it gave no warranties, express or implied, to the Plaintiff or to anyone acting on his behalf.

## ELEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of the Uniform Commercial Code, as adopted in Connecticut (Conn. Gen. Stat. § 42a-1-101 et seq.).

## TWELFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that if any of Defendant Buffalo Pumps, Inc.'s agents or servants made any express warranties (allegations that the defendant specifically denies), then the agent or servants of Defendant Buffalo Pumps, Inc. did so without warranty, express or implied.

## THIRTEENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that if Defendant Buffalo Pumps, Inc., its agents or servants made any warranties, express or implied (allegations that Defendant Buffalo Pumps, Inc. specifically denies), then Defendant Buffalo Pumps, Inc. denies that it breached any warranty.

## FOURTEENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that if Defendant Buffalo Pumps, Inc., its agents or servants made any warranties, express or implied (allegations that Defendant Buffalo Pumps, Inc. specifically denies), then the Plaintiff did not rely on the express warranties, and further, there was no such reliance by any person or entity authorized to represent the Plaintiff.

## FIFTEENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes, and such failure resulted in delay and prejudice to the Defendant in this case.

## SIXTEENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff's employer or employers were negligent with respect to the matters set forth in the complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, the Plaintiff may have sustained, as set forth in the complaint and that Plaintiff received worker's compensation benefits from their employer or employers.

Therefore, even if Plaintiff is entitled to recover against Defendant Buffalo Pumps, Inc., which Defendant Buffalo Pumps, Inc. specifically denies, he is not entitled to recover in the amount set forth in the complaint because Defendant Buffalo Pumps, Inc. is entitled to set off any and all worker's compensation payments against any judgment that might be rendered in the Plaintiff's favor.

## SEVENTEENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff's exclusive remedy is either under the Longshoremen's and Harbor Workers' Compensation Act, or the Workmen's Compensation Act.  Therefore, the Plaintiff is barred from recovery in this action.

## EIGHTEENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff's claims are barred by estoppel or waiver.

## NINETEENTH DEFENSE

Defendant Buffalo Pumps, Inc. denies that any product manufactured, sold or installed by Defendant Buffalo Pumps, Inc. caused injury to the Plaintiff.

## TWENTIETH DEFENSE

Defendant Buffalo Pumps, Inc. denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery and/or sale, in any asbestos product or material referred to in the Plaintiff's complaint, but if there was any defect or negligence as alleged, then Defendant Buffalo Pumps, Inc. is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## TWENTY-FIRST DEFENSE

Defendant Buffalo Pumps, Inc. states that at all times and places mentioned in the complaint, the Plaintiff and/or other persons, without Defendant Buffalo Pumps, Inc.'s knowledge and approval, redesigned, modified, altered and used Defendant Buffalo Pumps, Inc.'s products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which Defendant Buffalo Pumps, Inc. specifically

denies, such defect resulted solely from redesign, modification, alteration, or other such treatment or change and not from any act or omission by Defendant Buffalo Pumps, Inc. Therefore, said defect, if any, was created by the Plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that the Plaintiff allegedly suffered.

### TWENTY-SECOND DEFENSE

Defendant Buffalo Pumps, Inc. states that at all times and places mentioned in the complaint, the Plaintiff and/or other persons used Defendant Buffalo Pumps, Inc.'s products, if indeed any were used, in an unreasonable manner, not foreseeable to Defendant Buffalo Pumps, Inc., and for a purpose for which the products were not intended, manufactured, or designed; Plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and Plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the Plaintiff and/or such other parties and persons.

### TWENTY-THIRD DEFENSE

Defendant Buffalo Pumps, Inc. states that if it supplied any asbestos product, either directly or indirectly to the Plaintiff's employer, the product was supplied in accordance with specifications established and promulgated by that employer, agencies, or departments of the United States of America, other persons and/or entities.

### TWENTY-FOURTH DEFENSE

Defendant Buffalo Pumps, Inc. states that any asbestos-containing products manufactured and sold by Defendant Buffalo Pumps, Inc. which gave rise to Plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies.  The knowledge of the United States Government and

its agencies of any possible health hazards from use of such products was equal or superior to that of Defendant Buffalo Pumps, Inc., and by reason thereof, Defendant Buffalo Pumps, Inc. is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

## TWENTY-FIFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that at all relevant times hereto, the state of medical and scientific knowledge, and the state of the art or the design and manufacture of asbestos-containing products, was such that Defendant Buffalo Pumps, Inc. neither knew nor should have known that its products presented a significant risk of harm to the Plaintiff.

## TWENTY-SIXTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff failed to mitigate damages and is, therefore, barred from recovery.

## TWENTY-SEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that if the Plaintiff was a user of tobacco products, such use contributed to any lung disease from which the Plaintiff allegedly suffers.  Further, the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards the Plaintiff knew or should have known, may have adversely affected their health.

## TWENTY-EIGHTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the alleged injury or damage sustained as a result of the occupation of the Plaintiff was an occupational disease and accordingly Defendant Buffalo Pumps, Inc. is not liable or responsible for any occupational disease which was suffered or sustained by the Plaintiff in the course of his employment over a number of years.

## TWENTY-NINTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the utility of the products manufactured by Defendant Buffalo Pumps, Inc. outweighed the danger allegedly involved, and therefore, the Plaintiff's claims are barred as a matter of public policy.

## THIRTIETH DEFENSE

Defendant Buffalo Pumps, Inc. states that to the extent the Plaintiff is unable to identify the manufacturer, seller or supplier of the products that allegedly caused him injury, he fails to state a cause of action upon which relief can be granted, since, if the relief were granted, it would contravene Defendant Buffalo Pumps, Inc.'s constitutional rights to substantive and procedural due process as preserved by the Fourteenth Amendment to the United States Constitution and by the applicable provisions of the Connecticut State Constitution and would contravene Defendant Buffalo Pumps, Inc.'s constitutional rights to protection against the taking of property for public use without just compensation as preserved by the aforesaid constitutional provisions.

## THIRTY-FIRST DEFENSE

Defendant Buffalo Pumps, Inc. states that the complaint fails to state a claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

## THIRTY-SECOND DEFENSE

Defendant Buffalo Pumps, Inc. states that an award of punitive damages against any of the defendants in this case would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States and the applicable provisions of the Connecticut State Constitution.

### THIRTY-THIRD DEFENSE

Defendant Buffalo Pumps, Inc. states that there was no negligence, gross negligence, willful, wanton, or malicious conduct, reckless indifference or reckless disregard of the rights of the Plaintiff, or malice (actual, legal or otherwise) on the part of Defendant Buffalo Pumps, Inc. as to the Plaintiff herein.

### THIRTY-FOURTH DEFENSE

Defendant Buffalo Pumps, Inc. states that any exposure of the Plaintiff to Defendant Buffalo Pumps, Inc.'s product or products, which exposure Defendant Buffalo Pumps, Inc. expressly denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused the Plaintiff's claimed injuries and illness.

### THIRTY-FIFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff is guilty of laches in bringing this action and is, therefore, barred from recovery.

### THIRTY-SIXTH DEFENSE

With respect to the Plaintiff's claims for alleged breaches of warranties, Defendant Buffalo Pumps, Inc. states that the Plaintiff's claims are barred by reason of lack of privity, pursuant to Conn. Gen. Stat. § 42a-2-318.

### THIRTY-SEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the complaint is legally insufficient and must be dismissed, with prejudice.

## THIRTY-EIGHTH DEFENSE

Defendant Buffalo Pumps, Inc. states that if the Plaintiff has settled with and/or released other defendants or entities who are tortfeasors, Defendant Buffalo Pumps, Inc. is entitled to a reduction of any judgment either in total of all the settlement amounts or the pro rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## THIRTY-NINTH DEFENSE

Defendant Buffalo Pumps, Inc. states that if there were express or implied warranties as alleged in the complaint (allegations which Defendant Buffalo Pumps, Inc. specifically denies), the Plaintiff was not within the scope of any such alleged warranties because the Plaintiff was not a purchaser, and no sale to the Plaintiff ever occurred of any product sold or distributed by Defendant Buffalo Pumps, Inc.

## FOURTIETH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff was not a third-party beneficiary with reference to any alleged warranties, either express or implied, and therefore, the Plaintiff cannot recover in this action.

## FORTY-FIRST DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff's employers, by their agents, servants and employees, at all times relevant hereto, possessed a high degree of knowledge and sophistication in relation to Defendant Buffalo Pumps, Inc., had superior means and ability to appreciate any alleged hazard regarding the use of asbestos containing materials, had means and ability, superior to that of Defendant Buffalo Pumps, Inc. to warn the Plaintiff, and failed to warn the Plaintiff of the alleged hazard.

### FORTY-SECOND DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised the claims herein, and accordingly, said claims are barred by operation of law.

### FORTY-THIRD DEFENSE

Defendant Buffalo Pumps, Inc. states that the Plaintiff has failed to join a party or parties necessary for the just adjudication of this matter and has omitted to state any reason for this failure.

### FORTY-FOURTH DEFENSE

Defendant Buffalo Pumps, Inc. states that it did not manufacture or sell the asbestos-containing products to which the Plaintiff alleges exposure.

### FORTY-FIFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that it has not, either by act or omission, violated the provisions of Conn. Gen. Stat. §§ 52-240a, 52-240b, and 52-572m, et seq.

### FORTY-SIXTH DEFENSE

Defendant Buffalo Pumps, Inc. states that it is not a successor in interest to the alleged company who manufactured asbestos products to which the Plaintiff alleges exposure.

### FORTY-SEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that it was relieved of any duty to warn the Plaintiff pursuant to the Learned Intermediary Doctrine and/or the Bulk Supplier Doctrine.

### FORTY-EIGHTH DEFENSE

Defendant Buffalo Pumps, Inc. states that pursuant to the Sophisticated User Doctrine, it owed no duty to warn the Plaintiff.

## FORTY-NINTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the plaintiff's claims are barred by the Government Contractor defense.

## FIFTIETH DEFENSE

Defendant Buffalo Pumps, Inc. denies that the plaintiff is entitled to the damages claimed or the relief demanded in his Complaint.

## FIFTY-FIRST DEFENSE

Defendant Buffalo Pumps, Inc. states that the injuries and damages complained of were caused in whole or in part by the negligence of the plaintiff or his servants or agents, such that they are guilty of comparative negligence and that damages, if any, recovered by the plaintiff should be reduced in proportion to his negligence.

## FIFTY-SECOND DEFENSE

Defendant Buffalo Pumps, Inc. states that if it failed to perform any of its agreements contained in any instrument, all of which it specifically denies, it was excused from the performance of such agreements.

## FIFTY-THIRD DEFENSE

Defendant Buffalo Pumps, Inc. states that if the plaintiff was injured as alleged, said injuries were caused by intervening and/or superseding acts of third persons for whom the Defendant is not liable.

## FIFTY-FOURTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the injuries or damages alleged were caused in whole or in part by the violation of the plaintiff or his servant or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or

damage was sustained.

## FIFTY-FIFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the plaintiff is barred from any recovery herein because the negligence and/or fault of plaintiff or others was the sole and proximate cause of the plaintiff's injuries and damages for which relief is sought by the plaintiff's Complaint.

## FIFTY-SIXTH DEFENSE

Defendant Buffalo Pumps, Inc. states that it was not incorporated and did not manufacture the products alleged during the plaintiff's alleged period of exposure.

## FIFTY-SEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Complaint should be dismissed pursuant to the Fed. R. Civ. P. 12 (b) (2) for lack of jurisdiction over the person.

## FIFTY-EIGHTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (3) for improper venue.

## FIFTY-NINTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Complaint should be dismissed pursuant to Fed R. Civ. P. 12 (b) (5) for insufficiency of service of process.

## SIXTIETH DEFENSE

Defendant Buffalo Pumps, Inc. states that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6) for failure state a claim upon which a relief can be granted, and insofar as the Plaintiffs have failed to give notice of any claim as required by law, and the Defendant was thereby prejudiced, wherefore, the Plaintiffs are barred from recovery.

## SIXTY-FIRST DEFENSE

Defendant Buffalo Pumps, Inc. states that if the trier of fact determines that a risk of damages is inherent in the project involved, then the danger created by said risk is outweighed by the benefits of the product.

## SIXTY-SECOND DEFENSE

Defendant Buffalo Pumps, Inc. states that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (7) for failure to join an indispensable party.

## SIXTY-THIRD DEFENSE

Defendant Buffalo Pumps, Inc. states that the Complaint should be dismissed pursuant to the *Forum Non Conveniens* doctrine.

## SIXTY-FOURTH DEFENSE

Defendant Buffalo Pumps, Inc. states that even if the plaintiff came into contact with any asbestos-containing product manufactured by the Defendant, which is specifically denied, Defendant's products complied with all health and safety statutes and regulations.

## SIXTY-FIFTH DEFENSE

Defendant Buffalo Pumps, Inc. states that even if the plaintiff came into contact with any asbestos-containing product manufactured by the Defendant, which is specifically denied, such contact was not a cause of the plaintiff's alleged injuries because the Defendant's asbestos-containing products were encapsulated and impregnated such that, when those products were properly used, no asbestos fibers were released into the air or, if asbestos fibers were released into the air, the amount was *de minimis* and well below then-existing government standards.

## SIXTY-SIXTH DEFENSE

Defendant Buffalo Pumps, Inc. states that any design or warning defects in the product or

products described in Plaintiff's Complaint are due to the plans or specifications or directions provided by an entity or entities other than this answering defendant or its suppliers (including but not limited to the United States Government and/or its agencies); said plans or specifications or directions were not so obviously defective and dangerous that no reasonable man would follow them; and said plans or specifications or directions were the sole and proximate cause of injuries to Plaintiff as alleged in Plaintiff's Complaint.

### SIXTY-SEVENTH DEFENSE

Defendant Buffalo Pumps, Inc. states that even if the plaintiff came into contact with any asbestos-containing product manufactured by the Defendant, which is specifically denied, the product was not defective in that the product was supplied with adequate warnings pertaining to dangerous propensities, if any, of the product.

### SIXTY-EIGHTH DEFENSE

Defendant Buffalo Pumps, Inc. states that Plaintiff's injuries or damages, if any, were not due to any defect in workmanship or materials subject to any warranty provided by this defendant.

### SIXTY-NINTH DEFENSE

Defendant Buffalo Pumps, Inc. states that the damages and/or injuries alleged by Plaintiff were not of the type covered, or otherwise contemplated, by any warranty provided for by this defendant.

### SEVENTIETH DEFENSE

Defendant Buffalo Pumps, Inc. avails itself and adopts such other defenses raised by any other Defendants as may be applicable.

WHEREFORE, BUFFALO PUMPS prays for judgment as follows:

1.      That Plaintiff take nothing by reason of his Complaint;

2.      That this answering defendant be dismissed with its costs of suit;

3.      That if this answering defendant should be held liable to Plaintiff that it be granted indemnity and/or contribution against its co-defendants, or others; and

4.      For such other, further and different relief as the Court may deem just and proper, including reasonable expenses.

## CROSS-CLAIM OF DEFENDANT/CROSS-CLAIM PLAINTIFF BUFFALO PUMPS AGAINST ALL CO-DEFENDANTS

1.      Plaintiff in this action has filed a Complaint against the Defendant/Cross-Claim Plaintiff Buffalo Pumps that alleges that Ronald Zimmerman sustained certain asbestos-related diseases and other injuries as a result of work performed during his lifetime. All said allegations have been denied by the Defendant/Cross-Claim Plaintiff.

2.      Although Defendant Buffalo Pumps denies all of the claims set forth in Plaintiff's Complaint, in the event that Defendant Buffalo Pumps is found liable to Plaintiff, then all other Defendants are liable for equitable contribution and/or statutory contribution pursuant to Conn. Gen. Stat. § 52-572o, and/or allocation of fault.

3.      Only in the event that Defendant Buffalo Pumps is found liable to Plaintiff, for purposes of this cross-claim, all allegations set forth in Plaintiff's Complaint or related third-party Complaint(s) against said Defendants are adopted and incorporated as if set forth fully herein.

4.      Only in the event that Defendant Buffalo Pumps is found liable to Plaintiff, in whole or in part, then the cross-claim Defendants are liable to Defendant Buffalo Pumps for all or part of Plaintiff's claimed damages.

WHEREFORE, Defendant/Cross-Claim Plaintiff Buffalo Pumps claims:

a.     Contribution for Plaintiff's alleged damages pursuant to Conn. Gen. Stat. § 52-572o;

b.     Equitable contribution from the cross-claim Defendants for their share of any judgment rendered in favor of Plaintiff;

c.     An allocation of responsibility among Defendants; and

d.     Such other relief as the Court may deem just and proper.


## ANSWER TO CROSS-CLAIMS

Defendant Buffalo Pumps denies each and every allegation contained in each and every cross-claim which may be asserted against it, refers all questions of law to the Court, and leaves cross-claim Plaintiffs to their proof.


## JURY DEMAND

Defendant Buffalo Pumps, Inc. hereby demands a trial by jury on all issues.


Respectfully submitted,
AIR & LIQUID SYSTEMS CORPORATION,
By its attorneys,

/s/ Kendra A. Christensen
Bryna Rosen Misiura
Fed. Bar No. ct27675
Kendra Christensen
Fed. Bar No. ct29250
Governo Law Firm LLC
Two International Place, 15th Floor
Boston, MA  02110
Phone:  (617) 737-9045
Fax: (617) 737-9046
kchristensen@governo.com

25

<u>**CERTIFICATE OF SERVICE**</u>

I, Kendra A. Christensen, certify that on this 4th day of March, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to everyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Kendra A. Christensen
Kendra A. Christensen, Esq.