UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
RONALD ZIMMERMAN                              :    Case No. 3:14-cv-00176-MPS
                                              :
      Plaintiff,                                    :
                                              :
v.                                            :
                                              :
AIR & LIQUID SYSTEMS CORPORATION,             :
AMETEK, INC., CBS CORPORATION, a              :
Delaware Corporation, f/k/a Viacom Inc.,      :
successor by merger to CBS Corporation, a     :
Pennsylvania Corporation, f/k/a Westinghouse  :
Electric Corporation and as successor in      :
interest to B.F. Sturtevant, CRANE CO.,       :
EASTON CORP., FOSTER WHEELER L.L.C.,          :
GENERAL ELECTRIC COMPANY, and VIAD            :
CORP.                                         :
                                              :    MARCH 7, 2014
      Defendants.                                   :
_____

**GENERAL ELECTRIC COMPANY'S NOTICE OF JOINDER**

TO:   THE UNITED STATES DISTRICT COURT FOR THE
       DISTRICT OF CONNECTICUT

      Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant General Electric Company ("GE") hereby joins in the removal filed on February 11, 2014, by co-defendant Viad Corp. as to the action filed against it by Ronald Zimmerman ("Plaintiff").

**Preliminary Matters**

      1.     Plaintiffs commenced this action against GE and several other defendants in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport. The

state court action is entitled *Ronald Zimmerman v. Air & Liquid Systems Corp., et al*, Docket No. FBT-CV-14-6040832-S.  A copy of the Summons and Complaint in the state court action is attached to the removal papers filed by the co-defendant.

2. Co-defendant Viad Corp. thereafter filed timely removal papers with the District Court.

3. By this pleading, GE joins in the removal and states its own grounds for federal jurisdiction.

### Nature of the Case

4. This is a product liability action in which Ronald Zimmerman alleges that he contracted asbestos-related Mesothelioma and other asbestos-related pathologies. More specifically, the plaintiff alleges that he was exposed to various asbestos containing products while working in the US Navy and at other locations.
Complaint, ¶ 4.

5. The plaintiff asserts claims under the Connecticut Product Liability Act against GE and the other defendants.  In particular the Complaint alleges that GE manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos dust and fibers.
Complaint, ¶ 5.

**Grounds for Removal**

6.      Federal jurisdiction exists in this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

7.      In the manufacture and sale of turbines and associated equipment for the U.S. Navy, including all aspects of warnings associated with those turbines and equipment, GE was acting under and at the direction of the U.S. Navy.  Therefore, GE will raise the government contractor defense in this case. *Boyle v. United Technology Corp.*, 487 U.S. 500, 512 (1987); *In re Joint E. and S.D.N.Y.Asbestos Litigation ("Grispo")*, 897 F.2d 626, 630 (2d. Cir. 1990)(recognizing applicability of government contractor defense in a failure-to-warn case).  Under the circumstances of the instant case, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  In several District of Connecticut cases identical with or similar to the case at hand, federal officer removal jurisdiction has been found to exist. *DeMatties v. ACMAT Corp.*, Dkt. No. 3:08cv116(WWE); *Olivar v. Buffalo Pumps, Inc.*, Dkt. No. 3:07cv1912(CFD); *Carroll v. Buffalo Pumps, Inc.*, Dkt. No. 3:08cv707(WWE); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Contois v. Able Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *DeMarco v. General Electric Company*, Dkt. No. 3:09-cv-00373 (PCD) (D.Conn. May 29, 2009); *Allen v. General Electric Co.*, Dkt. No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009); *Pianko v. General Electric Company*, 2010 U.S. Dist. LEXIS 15576 (D.Conn. February 23, 2010).  See also, *Faddish v. General Electric Co.*, 2010 U.S. Dist. LEXIS 112937 (EDPA October

3

22, 2010) (granting summary judgment to General Electric Company based upon the government contractor defense in an asbestos failure-to-warn case).

**FOR THE REASONS STATED**, GE hereby expressly joins in the removal of this action from the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, on this 7th day of March 2014.

                                                      DEFENDANT
                                                      GENERAL ELECTRIC COMPANY

                                                      __/s/ DanE.LaBelle_____
                                                    Dan E. LaBelle, Esq.
                                                    Federal Bar No. ct01984
                                                    Halloran & Sage LLP
                                                    315 Post Road West
                                                    Westport, CT  06880
                                                    Telephone: (203) 227-2855
                                                    labelle@halloransage.com

## **CERTIFICATION**

I hereby certify that on March 7, 2014, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Dan E. LaBelle
Dan E. LaBelle