UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD ZIMMERMAN | CASE NO.: 3:14-cv-00176 MPS |
| Plaintiff, | |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION., as Successor by Merger to Buffalo Pumps, Inc., AMETEK, INC., successor in interest to Schutte & Koerting, LLC; CBS CORPORATION, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in Interest to B.F. Sturtevant, CRANE CO., individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochrane, EATON CORPORATION, individually and as successor to Vickers and Waterbury Tool, FOSTER WHEELER L.L.C., GENERAL ELECTRIC COMPANY, and VIAD CORP. individually and as successor to The Griscom Russell Co. | MARCH 27, 2014 |
| Defendants. | |

**<u>VIAD CORP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, CROSS-CLAIM AS TO ALL DEFENDANTS, ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS</u>**

Viad Corp incorrectly sued as Viad Corp. individually and as successor to The Griscom Russell Co. ("Viad") hereby answers and pleads affirmative defenses to the plaintiff's Complaint dated January 29, 2014.

## COUNT I

1. As to the allegations set forth in Paragraph 1, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

2. To the extent that the allegations set forth in Paragraph 2 are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraph 2, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

3-4. As to the allegations in Paragraphs 3 and 4, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

5-6. To the extent that the allegations set forth in Paragraphs 5 and 6 are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraphs 5 and 6, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

7. As to the allegations set forth in Paragraph 7, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

8-9. To the extent that the allegations set forth in Paragraphs 8 and 9 are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraphs 8 and 9, the defendant Viad does not have sufficient knowledge or

information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

     10.     To the extent that the allegations set forth in Paragraph 10, including the allegations set forth in each and every subpart, are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraph 10, including the allegations set forth in each and every subpart, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.  The defendant Viad further states that the facts contained in the allegations in this Paragraph, and elsewhere in the Complaint, to the extent they implicate the application of the substantive law of the State of Connecticut, are not well-pled because all or portions of the Plaintiff's claims may be governed by maritime law and, under the applicable provisions of maritime law, the defendant Viad is not liable for all or part of the plaintiff's claims.

     11-13. To the extent that the allegations set forth in Paragraphs 11 through 13 are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraphs 11 through 13, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

     14-15. As to the allegations set forth in Paragraphs 14 and 15, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

16-25. To the extent that the allegations set forth in Paragraphs 16 through 25 are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraphs 16 through 25, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

26. To the extent that the allegations set forth in Paragraph 26, including the allegations set forth in each and every subpart, are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraph 26, including the allegations set forth in each and every subpart, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof.

27. The allegations set forth in Paragraph 27 do not state material facts upon which the plaintiffs rely, but rather allege a statutory basis for the plaintiffs' claim and, therefore, the defendant Viad neither admits nor denies said allegations, but leaves the plaintiff to his proof. The defendant Viad further states that the facts contained in the allegations in this Paragraph, and elsewhere in the Complaint, to the extent they implicate the application of the substantive law of the State of Connecticut, are not well-pled because all or portions of the Plaintiff's claims may be governed by maritime law and, under the applicable provisions of maritime law, the defendant Viad is not liable for all or part of the plaintiff's claims.

## COUNT II

1-27. The defendant Viad hereby adopts its responses to Paragraphs 1 through 27 of Count I as its responses to Paragraphs 1 through 27 of this, Count II, as if fully set forth herein.

28-32. To the extent that the allegations set forth in Paragraphs 28 through 32 are directed to the defendant Viad, they are denied. As to the remaining allegations set forth in Paragraphs 28 through 32, the defendant Viad does not have sufficient knowledge or information upon which to base a belief and, therefore, neither admits nor denies the same, but leaves the plaintiff to his proof. As to the allegations set forth in Paragraph 31, the defendant Viad further states that the facts contained in the allegations in this Paragraph, and elsewhere in the Complaint, to the extent they implicate the application of the substantive law of the State of Connecticut, are not well-pled because all or portions of the Plaintiff's claims may be governed by maritime law and, under the applicable provisions of maritime law, the defendant Viad is not liable for all or part of the plaintiff's claims.

## RESPONSE TO PRAYERS FOR RELIEF

The defendant Viad denies that Plaintiff is entitled to the relief requested in his Prayers for Relief at the end of Counts I, and II, and in the Prayer for Relief, Paragraphs 1 through 4, set forth at the end of his Complaint.  The defendant Viad further states that these Prayers for Relief, to the extent they implicate the application of the substantive law of the State of Connecticut, are not well-pled because all or portions of the Plaintiff's claims may be governed by maritime law and, under the applicable

provisions of maritime law, the defendant Viad is not liable for all or part of the plaintiff's claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant Viad denies that it is the corporate successor of Griscom-Russell and, as such, that it has any successor liability for the acts or omissions of Griscom-Russell.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims set forth in the plaintiff's Complaint as to the defendant Viad.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to join a party or parties necessary and indispensable for a just adjudication of this matter and has failed to state any reason for his failure to do so.

### FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the plaintiff's Complaint are barred by the applicable statutes of limitation and repose as set forth, if applicable, in C.G.S. § §52-577; 52-577a; 52-577c and 52-584.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches as the plaintiff failed to notify the necessary parties of his claims or give due and timely notice of his claims against the defendant Viad to the prejudice of the defendant Viad

**SIXTH AFFIRMATIVE DEFENSE**

The injuries and damages sustained by the plaintiff, if any, were the result of the contributory and comparative responsibility, negligence or fault of the plaintiff, and as such, any recovery upon the claims asserted by the plaintiff is barred or proportionately reduced pursuant to the laws that pertain to the contributory and comparative responsibility, negligence or fault of the plaintiff including, if applicable, C.G.S. § 52-572o.

**SEVENTH AFFIRMATIVE DEFENSE**

The product at issue as alleged by the plaintiff was changed, altered or modified to a condition different than it was in when it left the care, custody and control of the manufacturer and/or retailer by a third party.  The change, alteration or modification was not the result of conduct that reasonably should have been anticipated by the manufacturer and/or retailer.  As such, the plaintiff is barred from recovery, including, if applicable, pursuant to C.G.S. § 52-572p.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses, injuries and damages for which relief is sought in this matter, and therefore any recovery by the plaintiff is barred.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against the defendant Viad are barred because the illnesses, injuries and damages alleged, if any, were not due to any act or failure to act by the manufacturer and/or retailer of the product at issue, but were caused solely by the intervening and/or superceding acts or omissions of a third-party or parties, including,

but not limited to, plaintiff's employers, for whose acts or failure to act the manufacturer and/or retailer of the product at issue is not responsible and over whom the manufacturer and/or retailer of the product at issue had neither control nor the right to control.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff never, prior to filing this Complaint, informed the defendant Viad, by any means whatsoever, of any alleged breach of express and/or implied warranties by the manufacturer and/or retailer of the product at issue; the plaintiff failed to give reasonable notice of the alleged breach of warranties within a reasonable time as required by law and/or pursuant to, if applicable, C.G.S. § 42a-2-607; consequently, the plaintiff's claims for alleged breach of warranties against the defendant Viad are barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims for alleged breaches of warranties against the defendant Viad fail for lack of privity of contract pursuant to, if applicable, C.G.S. § 42a-2-607.

**TWELFTH AFFIRMATIVE DEFENSE**

Any judgment which might be rendered in favor of the plaintiff must be reduced and/or set off by any and all workers' compensation payments made to the plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff may have released, settled, entered into an accord and satisfaction or otherwise compromised their claims brought herein, and accordingly said claims are barred, or should otherwise be subject to a set off and/or reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If the product at issue was used or involved as alleged in the plaintiff's Complaint, the plaintiff and/or other persons used the product at issue in an unreasonable manner, not reasonably foreseeable to the manufacturer and/or retailer of the product at issue, and for a purpose for which the product at issue was not intended, manufactured or designed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If the product at issue was used or involved as alleged in the plaintiff's Complaint, said product at issue was manufactured, processed, supplied and/or furnished in accordance with specifications established and promulgated by the plaintiff's employer, agencies or departments of the United States of America, the U.S. Navy, or other persons and/or entities.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If the product at issue was used or involved as alleged in the plaintiff's Complaint, the state of the technical, medical and scientific knowledge regarding the product at issue and/or its contents was such that the manufacturer and/or retailer of the product at issue did not know, nor could it have known, that its products presented any risk or harm to the plaintiff if such product was properly used.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff seeks exemplary or punitive damages, the plaintiff's claims violate the defendant Viad's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States

Constitution, and Article I, and all other applicable provisions, of the Constitution of the State of Connecticut.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff settles with and/or releases other defendants or entities which are tortfeasors, the defendant Viad is entitled to a reduction of any judgment either in the total amount of all the settlements or the pro-rata share of fault of said tortfeasors, whichever is greater, as determined by the Court or jury.

**NINETEENTH AFFIRMATIVE DEFENSE**

The plaintiff's employers including the US Navy, by their agents, servants and employees, at all times relevant hereto, possessed a high degree of knowledge and sophistication in relation to the manufacturer and/or retailer of the product at issue, had superior means and ability to appreciate any alleged hazard regarding the use of asbestos material, had the means and ability, superior to that of the manufacturer and/or retailer of the product at issue, to warn the plaintiff, and failed to so warn him of the alleged hazard.

**TWENTIETH AFFIRMATIVE DEFENSE**

The manufacturer and/or retailer of the product at issue is immune from liability as any of its acts or omissions with regard to the product at issue were done pursuant to the direction and control of the United States Government/Military and the U.S. Navy, and thus, the manufacturer and/or retailer of the product at issue is entitled to immunity as a government/military contractor.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The product at issue was misidentified, abused, misused, improperly used, improperly maintained and/or damaged, subject to abnormal and/or unintended use, which was unreasonable, and not foreseeable by the manufacturer and/or retailer, subsequent to the time it left the care, custody and control of the manufacturer and/or retailer, for which the manufacturer and/or retailer is not liable.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

The injury and damages alleged by the plaintiffs were caused by the plaintiff's misuse of the product at issue in a manner which was not reasonably foreseeable by the manufacturer and/or retailer and such misuse bars any recovery by the plaintiff.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

The injuries and damages alleged by the plaintiff were caused by the misuse of the product at issue by third parties or others in a manner which was not reasonably foreseeable by the manufacturer and/or retailer and such misuse bars any recovery by the plaintiff.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

The injuries and damages alleged by the plaintiff were solely or partly the result of acts or omissions, negligent or otherwise, including under theories of defective products, on the part of persons or entities other than the manufacturer and/or retailer of the product in issue and/or not under the control of the manufacturer and/or retailer. The defendant Viad requests that its liability, if any, be assessed in proportion to the liability of other responsible parties and that it be required to pay only for its proportionate share of fault, if any.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

The plaintiff knowingly used the product at issue in its alleged condition and is barred from recovery by C.G.S. § 52-572l, if applicable.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's injuries and damages sustained by the plaintiff were the result of the comparative negligence or fault of third parties over whom the manufacturer and/or retailer of the product in issue had no control or right of control and, as such, any recovery upon claims asserted by the plaintiff is barred or proportionately reduced pursuant to the laws that pertain to comparative fault and pro rata liability.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

The product at issue was manufactured and produced in full compliance with any and all applicable governmental regulations and/or specifications.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

The product allegedly at issue was neither unreasonably dangerous nor defective given the state of knowledge about such products and, therefore, any claims of strict liability are barred.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to state a cause of action upon which relief can be granted as to the defendant Viad.

## THIRTIETH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the government/military contractor defense and/or by federal preemption.

## THIRTY FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims set forth in Count III fail to state a claim and are barred by the exclusive remedy provisions of the Connecticut Product Liability Act set forth in C.G.S. § 52-572n, if applicable.

## THIRTY SECOND AFFIRMATIVE DEFENSE

All acts and/or omissions of the defendant with regard to the alleged manufacture, sale, and/or distribution of the product at issue were in conformity with the state of the art of the technical, medical and scientific knowledge at such times and, therefore, any recovery by the plaintiff is barred.

## THIRTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the defendant Viad did not manufacture, supply or affix to its products any asbestos containing insulation or parts.  The defendant Viad had no duty to warn of the hazards of asbestos-containing products manufactured, supplied, or affixed by third parties (commonly referred to as the "bare metal defense").

## THIRTY FOURTH AFFIRMATIVE DEFENSE

Any exposure of the Plaintiff to any product of the defendant Viad was de minimis and is not sufficient to establish a reasonable probability that the defendant Viad's products caused the Plaintiff's alleged injuries and damages.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

Under applicable provisions of maritime law, the defendant Viad is not liable for injuries associated with asbestos products that it did not supply or specify, nor is the defendant Viad liable for injuries associated with any asbestos containing replacement parts.

The defendant Viad reserves the right to assert any additional affirmative defenses which it may learn of through discovery.  In addition, the defendant Viad incorporates and avails itself of, and adopts, all affirmative defenses raised by any other defendant to this proceeding to the extent that such affirmative defenses are not inconsistent with the positions taken by it.

**CROSS-CLAIM AGAINST ALL DEFENDANTS AND THIRD-PARTY DEFENDANTS**

1. Plaintiff(s) in this action has/have filed a Complaint against the defendant/cross-claim plaintiff Viad alleging that the plaintiff(s) sustained certain asbestos-related diseases and other injuries, and all said allegations are denied by the defendant/cross-claim plaintiff Viad.

2. Although the defendant/cross-claim plaintiff Viad denies all the claims set forth in plaintiff's(s') Complaint, in the event that the defendant/cross-claim plaintiff Viad is found liable to the plaintiff(s), then all other cross-claim defendants are liable for equitable contribution and/or statutory contribution pursuant to Conn. Gen. Stat. Section 52-572o, and/or allocation of fault.

3. Only in the event the defendant/cross-claim plaintiff Viad is found liable to the plaintiff(s), for purposes of this cross-claim, all allegations set forth in the plaintiff's(s') Complaint or related third-party Complaints against the defendant/cross-claim plaintiff Viad are adopted and incorporated as if fully set forth herein.

4. Only in the event that the defendant/cross-claim plaintiff Viad is found liable to plaintiff(s), in whole or in part, then the cross-claim defendants are liable to this defendant/cross-claim plaintiff Viad for all or part of the plaintiff's(s') claimed damages.

**WHEREFORE:** the defendant/cross-claim plaintiff Viad claims:

a. Contribution for plaintiff's(s') alleged damages pursuant to Conn. Gen. Stat. Section 52-572o;

b. Equitable contribution from the cross-claim defendants for their share of any judgment rendered in favor of plaintiff(s);

c. An allocation of responsibility among defendants; and

d. Such other relief as the Court may deem just and proper, or may, at law or equity, apply.

**ANSWER AND AFFIRMATIVE DEFENSES TO ALL CROSS-CLAIMS**

The cross-claim defendant Viad denies each and every allegation of each and every cross-claim that was or hereinafter may be filed against it by any co-defendant or third party defendant.

The cross-claim defendant Viad adopts all of the affirmative defenses that it has asserted to the plaintiff's complaint as affirmative defenses to each and every cross-claim that was or hereinafter may be filed against it by any co-defendant or third party defendant.

The cross-claim defendant Viad reserves the right to assert any additional affirmative defenses which it may learn of through discovery.  In addition, the cross-claim defendant Viad incorporates and avails itself of, and adopts, all affirmative defenses to cross-claims raised by any other cross-claim defendant to this proceeding to the extent that such affirmative defenses are not inconsistent with the positions taken by it.

VIAD CORP INCORRECTLY SUED AS VIAD CORP., individually and as successor to THE GRISCOM-RUSSELL CO.


BY /S/ Christopher J. Lynch _____
Christopher J. Lynch, Esq.
Federal Bar No. ct07308
LeClairRyan, A Professional Corporation
One Financial Plaza
755 Main Street, Suite 2000
Hartford, CT  06103
860.656.1935 (Direct)
860.656.1985 (Fax)
Christopher.lynch@leclairryan.com

**CERTIFICATION**

      I hereby certify that on March 27, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /S/Christopher J. Lynch
      Christopher J. Lynch ct07308