**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD ZIMMERMAN | : | Civil Action No. |
| | : | 3:14-cv-00176-MPS |
| <u>Plaintiff</u>, | : | |
| v. | : | |
| | : | |
| AIR & LIQUID SYSTEMS CORP., et al., | : | |
| | : | April 4, 2014 |
| <u>Defendants</u>. | : | |

**<u>FORM 26(f) REPORT OF PARTIES' PLANNING MEETING</u>**

**Date Complaint filed:**  January 29, 2014 (in Connecticut Superior Court at Bridgeport)

**Date Complaint served:**  January 30, 2014

**Dates of Defendants' appearances:**
1) Robert Martin for CBS Corp. – February 24, 2014
2) Kendra Christensen for Air & Liquid Systems Corp. – March 4, 2014
3) Dan E. LaBelle and Brett Szczesny for General Electric Co. – March 7, 2014
4) Patrick Glinka for Crane Co. – February 28, 2014
5) Margreta Vellucci for Eaton Corp. – February 24, 2014
6) Robert Flynn for Eaton Corp. – March 14, 2014
7) Christopher Lynch for Viad Corp incorrectly sued as Viad Corp., individually and as successor to The Griscom-Russell Co. (hereinafter "Viad") – February 11, 2014
8) Matthew Zamaloff and Bryan Abramoske for Ametek, Inc., incorrectly sued as successor in interest to Schutte & Koerting, LLC (hereinafter "Ametek") – February 18, 2014 and February 19, 2014, respectively.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, discussions were held during the weeks of March 24, 2014 and April 2, 2014 for the purpose of having a conference to discuss the Rule 26(f) report.  The participants were all counsel as listed above.

**I.      Certification:**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction:**

     A.     *Subject Matter Jurisdiction.*

The defendants removed this case to federal court from the Superior Court for the State of Connecticut citing alleged federal officer jurisdiction pursuant to 28 U.S.C. § 1442.  The plaintiff does not agree that federal officer jurisdiction applies and does not consent to the jurisdiction of the federal court.

     B.     *Personal Jurisdiction.*

To date, no party has contested personal jurisdiction.

**III.    Brief Description of Case:**

     A.     *Claims of Plaintiff:*

The plaintiff originally filed this product liability action in the Superior Court for the Judicial District of Fairfield at Bridgeport in Bridgeport, CT in January of 2014.  The plaintiff claims that Richard Zimmerman was diagnosed with malignant mesothelioma on or around December 17, 2013.  The plaintiffs assert various causes of action, including claims for strict products liability, negligence, failure to warn, post-sale failure to warn, breach of

warranty, wrongful death, loss of consortium and punitive damages. The plaintiffs claim that Mr. Zimmerman was exposed to asbestos from one or more of the defendants' products during his service in the U.S. Navy, and that those exposures substantially contributed to the development of his mesothelioma. The plaintiffs claim that they are entitled to compensatory and punitive damages.

      B.     *Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:*

Defendants deny the substantive allegations of the Complaint. Specifically, Defendants deny that Mr. Zimmerman inhaled respirable asbestos fibers from their products – let alone in sufficient quantities to cause his alleged injuries. Defendants deny that their alleged actions or inactions caused or contributed to Mr. Zimmerman's alleged injuries in any way. Rather, the injuries at issue in Plaintiffs' Complaint were caused by parties other than Defendants in addition to Mr. Zimmerman's actions, including smoking for a long period of time. Defendants have asserted cross-claims for contribution and/or indemnification against all other co-defendants. Whether or not their products are ultimately found to have contributed in any way to Mr. Zimmerman's injuries, Defendants claim that they were military contractors acting under color of federal office (including, but not limited to, the United States Maritime Commission, the United States Navy and Department of Defense) and are, therefore, legally immune from liability for any harm caused by those products. In addition, Defendants aver the Complaint's allegations are barred as outlined in

the Affirmative Defenses contained in each respective Defendant's answer.  There are no counterclaims.

Viad denies that it is the successor to The Griscom-Russell Co.

Ametek denies that it is the successor to Schutte & Koerting, LLC.

C. *Defenses and Claims of Third Party Defendants:*

There are no third party defendants in this case.

### IV. Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties agree that, as of the date of this Report, it is too early for a meeting of the minds as to what facts will or will not be in dispute.

### V. Case Management Plan:

A. *Standing Order on Scheduling in Civil Cases.*

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases in accordance with the time frames set forth below.  This is a complex civil action concerning numerous parties and questions of law and fact, which will require scheduling deadlines beyond those contemplated by the Standing Order on Scheduling in Civil Case.

B. *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    *Early Settlement Conference.*

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and it appears that settlement is unlikely at this time.

        2.    The parties cannot agree on a request for an early settlement conference. The plaintiffs would request an early settlement conference, but the defendants do not believe that an early settlement conference would be fruitful as there is no evidence to suggest that any defendant's product caused or contributed to Mr. Zimmerman's alleged injuries.

        3.    The parties prefer a settlement conference with the presiding judge (in the event that a settlement conference is had).

        4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.    *Joinder of Parties and Amendment of Pleadings.*

        1.    Plaintiffs should be allowed until thirty (30) days from the date of the filing of this Report to file motions to join additional parties and until

thirty (30) days from the date of the filing of this Report to file motions to amend the pleadings. At this time, however, the plaintiffs do not intend to join additional parties or amend the pleadings.

2. Defendants should be allowed until thirty (30) days from the date of the filing of this Report to file motions to join additional parties and until thirty (30) days from the date of the filing of this Report to file a response to the complaint. At this time, however, the defendants do not intend to join additional parties.

E. *Discovery.*

1. The parties anticipate that discovery will be needed on the following subjects:

    i. whether Mr. Zimmerman ever worked with or around products manufactured, sold or distributed by Defendants;

    ii. whether any of the products that Mr. Zimmerman worked with or around contained asbestos and, if so, the amount and fiber type contained therein;

    iii. the frequency, proximity and duration of Mr. Zimmerman's work with or around Defendants' products;

    iv.    issues concerning the relevant substantive law to be applied in this case;

    v.    whether Plaintiff's claims are barred as a matter of law by, including but not limited to, statutes of limitations and statutes of repose;

    vi.    the state-of-the-art at the time the respective Defendants' placed their products into the stream of commerce;

    vii.    the factual underpinnings of Defendants' military contractor and federal officer defenses;

    viii.    damages, including medical causation issues;

    ix.    details regarding the presence of Defendants' products on Mr. Zimmerman's jobsites and whether those products contained or utilized any asbestos;

    x.    successor liability if one or more of the defendants disputes liability for any of the asbestos products at issue;

    xi.    Defendants' historical knowledge regarding the health hazards of asbestos and when Defendants began to substitute asbestos with non-asbestos substitutes;

    xii.    whether and, if so, to what extent Decedent was exposed to asbestos from alternative sources; and

    xiii.    destructive testing on lung tissue, including but not limited to digestion and other studies.

2. All fact discovery pursuant to Fed. R. Civ. P. 26(b)(4), will be completed within eighteen (18) months of the filing of this Report. The parties expressly agree herein, however, that the depositions of Defendant witnesses and Plaintiff and Defendant expert witnesses may continue up until two (2) weeks prior to trial. This agreement shall not be used as the basis for any motion for protective order. This agreement does not apply to any witness who will offer product identification testimony. Rather, this agreement recognizes the parties past practice with regard to the prosecution and defense of asbestos related personal injury actions in the State of Connecticut.

3. Discovery will not be conducted in phases except as to the extent agreed in the preceding subparagraph.

4. Discovery will be completed within two weeks of the time of trial.

5. At this time, it is difficult for the parties to estimate the total number of depositions of fact witnesses. Plaintiff will likely require at least one (1) deposition of each of the respective Defendants' corporate representatives.

6. The parties stipulate and agree that they may file more than 25 Interrogatories and Production Requests upon each other without seeking permission from the Court.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts by a date not later than three (3) months before the deadline for completing all fact discovery. Depositions of any such experts will be completed by a date not later than one (1) month after the deadline for completing all fact discovery, although the parties herein stipulate that depositions of experts may be taken up until two (2) weeks before trial. Plaintiff's counsel will provide opposing counsel with reports and materials from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) two (2) weeks prior to the deposition of any expert or at least four (4) weeks before trial.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts by a date not later than one (1) month after the deadline for completing all fact discovery. Depositions of such experts will be completed by a date not later than two (2)

months after the fact discovery cutoff date, although the parties herein stipulate that depositions of experts may be taken up until two (2) weeks before trial.  Counsel for Defendants will provide Plaintiff's counsel with reports and materials from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) two (2) weeks prior to the deposition of any expert or at least four (4) weeks before trial.

       9.      A damages analysis, including supporting documentation, will be provided no later than fourteen (14) months after the filing of this Report.  Plaintiffs reserve the right to provide damage expert reports in accordance with applicable expert disclosure deadlines.

       10.     Discussions concerning discovery of electronically stored information ("ESI") have begun and the parties agree that the process of production of ESI is not relevant at this time.  The parties will agree on a complete procedure to govern the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information if and when it is determined that discovery of ESI will be an issue in this case.

11.     The undersigned have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties have agreed to the following discovery procedures for the minimization of the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production:

- any privileged information that is inadvertently disclosed by a party shall be promptly returned to the disclosing party or formally segregated from the other discovery documents and cannot be used by the recipient for any purpose, pending further order of the Court; and

- any party may file a motion with the Court to determine whether privileged information which is inadvertently disclosed may be used by the recipient or should be returned or destroyed.  Any party may also file a motion with the Court for a protective or confidentiality order.

- the parties will agree upon and submit to the Court for its approval and order a mutually agreed upon protective order to protect trade secret information and confidential/proprietary business and other sensitive information from improper and/or inadvertent use and/or disclosure.

The foregoing proposal has been accepted by the parties.

F.     Dispositive Motions.

Dispositive motions will be filed on or before two (2) months from the close of fact discovery as agreed to above.

G.     Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days of the close of discovery or within thirty (30) days after the last remaining dispositive motion is decided, whichever is later.

**VI.    Trial Readiness:**

The case will be ready for trial thirty (30) days from the date the parties file their Joint Trial Memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action. Respectfully submitted:

Plaintiffs Richard and Bertha Zimmerman,

By  /s/ Christopher Meisenkothen____    Date:  April 4, 2014


Defendant General Electric Company,

By  /s/ Dan E. LaBelle_____    Date:  April 4, 2014


Defendant CBS Corp.,

By  /s/ Robert Martin_____    Date:  April 4, 2014


Defendant Eaton Corp.,

By /s/ Robert Flynn_____   Date:  April 4, 2014

Defendant Eaton Corp.,

By /s/ Margreta Vellucci_____   Date:  April 4, 2014

Defendant Crane Co.,

By /s/ Patrick Glinka_____   Date:  April 4, 2014

Defendant Ametek, Inc., , Inc., incorrectly sued as successor in interest to Schutte & Koerting, LLC

By /s/ Matthew Zamaloff_____   Date:  April 4, 2014

Defendant Viad Corp incorrectly sued as Viad Corp., individually and as successor to The Griscom-Russell Co.,

By /s/ Christopher Lynch_____   Date:  April 4, 2014

Defendant Air & Liquid Systems,

By /s/ Kendra Christensen_____   Date:  April 4, 2014